## ROBERTSON v. ANDERSON.

1. **Taxation:** ASSESSMENT: IMPROVEMENTS ON LAND. While the improvements upon land, such as a patent limekiln and railroad switch, should be taken into consideration in determining the value of the land for the purposes of assessment and taxation, yet it is wholly immaterial whether the valuations of the land and the improvements are aggregated or stated separately.

*Appeal from Madison Circuit Court.*

TUESDAY, OCTOBER 25.

THE plaintiff is the owner of eighty acres of land, upon which there is a stone quarry, patent limekiln, and a railroad

track or switch, leading from the stone quarry and limekiln to the track of the Rock Island R. R. Co. The township assessor assessed the property for the year 1879 at $15 per acre. The defendants, who are township trustees acting as the board of equalization, increased the assessment to $30 per acre, on account of the patent limekiln, and ordered that the railroad switch be assessed at $1,250. The plaintiff appealed to the Circuit Court, where a trial was had, and the court found as follows: "That $15 per acre is a fair valuation to be placed on said real estate, taking into consideration the valuation for assessment purposes placed upon other lands of like character in the immediate vicinity. The court further finds that $500 is a fair valuation to be placed upon the one-fourth mile of railroad switch assessed to S. A. Robertson, and that the defendants had the right to assess the same, and the court further finds that the limekiln, situated on the real estate herein described, should be valued and assessed at $400." From this order the plaintiff appeals.

*Ruby & Wilkin*, for appellant.

*A. W. Wilkinson*, for appellee.

ROTHROCK, J.—I. It is claimed by counsel for appellant that the court erred in making a new and independent assessment upon the limekiln situated upon the premises. The argument is, that the limekiln cannot be treated as personal property, and an original assessment be made thereon by the Circuit Court upon appeal.

*1. TAXATION: assessment: improvements on land.*

In answer to this, we think it is sufficient to say that while it would have been more regular if the Circuit Court had found that the land, without the limekiln, was worth $15 per acre for the purposes of assessment and taxation, and that with the kiln it was worth $400 more, making twenty dollars an acre, yet, we think the finding and order amount to this. The kiln

is not assessed as personal property, and even if it should be so entered on the treasurer's books, we are unable to see how the plaintiff can be prejudiced. The rate of taxation on real and personal property is the same.

II. It is not claimed that the railroad switch was returned to and assessed as railroad property by the executive council. It is owned by the plaintiff, and used by him for his own convenience. It is an improvement on his land proper, to be taken into consideration in determining the value of the land. This is what the court below and the board of equalization did in making the assessment, and it is wholly immaterial whether the values were aggregated or stated separately. In short, we cannot see how the defendant can be prejudiced by assessing his land at $1,200, his limekiln at $400, and his railroad switch at $500, instead of aggregating it at $2,100. In our opinion, $2,100 valuation upon the whole property is not excessive under the evidence.

AFFIRMED.