No. 13,939.

THE GLOBE LUMBER COMPANY, LIMITED, vs. KEETE LOCKETT, SHERIFF AND EX-OFFICIO TAX COLLECTOR.

## SYLLABUS.

Standing timber is property susceptible of being acquired separately from the land on which it grows, and being thus acquired it is assessible for taxation

in the name of the owner, while the land itself is assessible to the owner of the fee. That is to say, the owner of the land must pay taxes on it; the owner of the timber taxes on it, and the assessments should be separate.

A PPEAL from the Eleventh Judicial District, Parish of Red River. —*Porter, J.*

*Stewart & Stewart,* for Plaintiffs, Appellants.

*W. A. Wilkinson* and *Stephens & Carter,* for Defendant, Appellee.

The opinion of the court was delivered by

BLANCHARD, J. Plaintiff company, whose domicil is the Parish of Webster, purchased, in April, 1900, the timber on 10,400 acres of land situated, in several tracts, in the Parish of Red River.

The assessor of the latter parish listed this timber on his rolls as the property of the Company and assessed it for taxation for the year 1900 at a valuation fixed.

Whereupon the plaintiffs brought this action to avoid the assessment, asserting the same, and the tax claimed thereunder, to be without warrant of law.

They represent that none of the timber purchased has been felled and converted into movable property, and that the land upon which it is growing is owned by and assessed to various other parties and is paying its full *quota* of taxes.

Their contention is that the timber is not taxable separate and apart from the land on which it is growing; that the same is not "property" in the sense and within the meaning of that term as used in Art. 225 of the State Constitution and of Sec. 1 of Act 170 of 1898—the revenue law of the State.

The answer of the tax collector affirms the validity of the assessment and his right to enforce payment of the taxes due thereon.

From a judgment rejecting their pretensions, plaintiffs appeal.

The sale of the timber was evidenced by written acts which recite that for the moneyed considerations therein mentioned the vendors "grant, bargain, sell, transfer, convey and deliver unto the Globe Lumber Company, Limited, * * * with full warrant of title, all the pine and oak timber, ten inches and over in diameter at the stump, growing, standing or lying on"—then follows the description of the land by legal subdivisions, etc. There went with the purchase the

stipulation of the right to enter upon the land and cut, remove and transport the timber therefrom, and the purchaser was granted a term of fifteen years in which to do this.

There was due registry of the acts of sale in the Parish of Red River.

Undoubtedly, they evidence the conveyance of tangible property. The acts are sales, good and valid in form and substance, of property. After their execution every stick of timber, every tree, on the 10,400 acres of land, of the size and dimension of ten inches and over at the butt, became the property in full ownership of the purchaser, and there was accorded to the latter, as part of the transaction, the privilege to go upon the land for the purpose of cutting and removing the trees—this right to be exercised at the will of the purchaser for a period not longer than fifteen years.

So that as a result of the sales, the plaintiff company acquired (1) the timber itself; (2) the right of entering upon the land to get it out.

It is true, the land upon which the timber stands is assessed to the owners of the fee, and the timber, separately, is assessed to plaintiff Company.

Is this permissible under the law? Or must there be one assessment covering both timber and land, and this in the name of the owner of the land.

The tax collector maintains the affirmative of the first; plaintiff Company the affirmative of the second.

*Ruling*—The Constitution ordains that *all property* shall be taxed, except that specially exempted by the terms of that instrument itself. Lands and timber are not within the exemption.

The Revenue Law (Act 170 of 1898), following the constitutional mandate, levies taxes on the assessed valuation of *all property* situated within the State, except that expressly exempted. What is meant by "property" is set forth in the act, and the long list enumerated in the first section thereof concludes with: "all movable and immovable, corporeal and incorporeal articles or things of value, owned and held and controlled within the State of Louisiana by any person in any capacity whatever." The scope of this phrase is latitudinous and embraces everything.

Land is property; timber is property, whether standing on the land where it grows, or felled. Both, therefore, are within the purview of the Act of 1898 and are taxable.

The 7th section of the act makes it the duty of tax assessors to place upon the assessment list *all property* subject to taxation. But it is insisted that this does not authorize the assessing of standing timber or growing trees separate and apart from the land.

. There is force in this contention where the timber and the land upon which it stands belong to one and the same party; but none where the growing timber belongs to one man and the land to another. In such case each should have assessed to him his own.

If the property in standing timber may be sold and conveyed separately from the land, and no one disputes this, then may it be, when thus sold, separated from the land on which it stands for the purpose of taxation. "Standing timber is an interest in land that may be acquired by deed, and the fact it must be removed within a definite period does not prevent the title to the timber from vesting in the grantee." American Digest, 1894, p. 1386, § 123.

If timber on land may become the property of one man and the land remain the property of another, a judgment creditor of the owner of the timber may seize and sell the latter in satisfaction of his debt. Equally so may a judgment creditor of the owner of the land seize and sell the land for his debt.

In the one case the timber would be sold separate from the land; in the other the land separate from the timber. There would be no interference by the two judgment creditors with each other.

The creditor of the owner of the trees could not seize and sell the land, belonging to another than his debtor, along with the trees which grew upon the land. And the creditor of the owner of the land, not possessing any antecedent real right on the property, could not seize and sell the trees along with the land upon which they stood.

May these things be, and yet it be said that the timber cannot be assessed and taxed separately from the land, in the case where one man owns the timber and another the land? We think not.

"One person may be taxed as owner of the fee and another as owner of structures upon, or minerals or quarries within the land." A. & E Ency. of Law (1st Ed.), Vol. 25, p. 123, citing decisions of many State Courts.

"Since the mineral interest in land may be severed from the surface interest thereof by conveyance, thereby becoming separate real estate, it may be taxed as other real estate." American Digest, 1894, p. 4328, § 42; or, Stewart vs. Commonwealth (Ky.), 23 S. W. 367; also Am. Digest, 1896, p. 5047, § 32.

"Where the owner of mining land has sold the right to take all the minerals from the land, but has retained the land, the owner of the land and the owner of the mineral are each taxable according to their several interests." Note to p. 124 A. & E. Ency. of Law (1st Ed.), Vol. 25, citing 29 Pa. St. 373 and 105 Pa. St. 469. See also Burbank vs. Assessor, 52 La. Ann. 1506.

If the conveyance of this growing timber be viewed as the conveyance of an interest in the realty of which it formed part, it is taxable in the name of the vendee of such interest. If, by reason of the purchase of the same, to be later felled and removed from the land, the timber become *mobilized* by anticipation, it is equally taxable in the name of the purchaser, and this, too, in the Parish of Red River.

"Trees bought by a lumber company for the purpose of allowing them to stand for several years before cutting them are taxable in the county where they are situated, irrespective of the company's domicil." Coldrion vs. Ky. Lumber Co. (Ky.), 32 S. W. 224, or Am. Dig., 1896, p. 5074, No. 32.

The 11th section of the Act 170 of 1898 contains the express declaration that "movable property shall be assessed in the parish or district where it is located, except as hereinafter provided." The exception has no reference to tangible movable property like timber.

There is great force in the argument that the mobilization by anticipation of the trees resulted from the transfer of their ownership to the plaintiff company.

This question of mobilization by anticipation underwent, *quoad,* the pledge of a growing crop under the Act of 1874, learned discussion in Citizens' Bank vs. Wiltz, 31 La. Ann. 245, where Mr. Justice White, speaking for the Court, said:

"True, by Article 465 C. C. it is provided that "standing crops and the fruits of trees not gathered and trees before they are cut down are likewise immovable and are considered as part of the land to which they are attached," but the immovability provided for is only one *in abstracto* and without reference to rights on or to the crop acquired by others than the owners of the property to which the crop is attached. * * * The existence of a right on the growing crop is a mobilization by anticipation, a gathering as it were in advance, rendering the crop movable *quoad* the right acquired therein."

And, quoting from Marcadé, Vol. 11, p. 338, to the effect that where the owner of a tract of land sells the timber standing thereon, reserving his ownership in the land, the timber loses its character as an

immovable and by a fiction of the law becomes movable by anticipation, the learned Justice declared:

"Our own jurisprudence recognizes the possible mobilization of a growing crop"—citing Poché vs. Bodin, 28 La. Ann. 762; Sandell vs. Douglass, 27 La. Ann. 629—to which we add Lewis vs. Klotz, 39 La. Ann. 267.

The argument applies equally to growing trees sold to be removed from the land. The two, growing crops and growing trees, are treated of in the same article of the Code—465.

Nor is it true, as is the contention of plaintiffs, that there is legislative enactment against the separate assessment of trees from the land to which they are attached. Sec. 7 of Act 170 of 1898 is pointed to as sustaining this. We find there this declaration:

"Provided, that the true intent and meaning of this section is that all crops, whether growing or gathered, shall be considered as being attached to the realty while in first hands, and shall not be separately taxed while in possession of the lessor or his agent and no property shall be taxed twice in the same year."

It will be observed that only "crops" are within the exception of this proviso. Trees are not mentioned. Trees growing in their natural state—not planted—are not within the meaning of the term "crops" as used in the statute.

The preceding part of the section had directed tax assessors to place upon the assessment list *all property* subject to taxation. Then followed the provision that crops, while in first hands, *i. e.*, the hands of the producer, shall not be the subject of separate assessment. "Crops," as used here, meant only the annual products of the soil resulting from planting and cultivation.

Besides, the prohibition of the separate assessment of "all crops," whether growing or gathered, only applies to and affects crops which are still in *first hands*—an expression meaning while still belonging. in the sense of proprietorship, to the producer; or, in case of trees (if at all applicable to the latter), the owner of the land.

The trees in question are no longer in "first hands"—*i. e.*, the owner of the soil. They have passed into other hands. If, then, they be within the purview of the proviso of Sec. 7 of the statute quoted above, and, hence, not liable to assessment and taxation while in first hands, having passed out of "first hands" into the possession and ownership of others, they are no longer to be considered as "attached to the realty," and are assessable and taxable separately from it.

Assessing the land to one man and the timber standing upon it to another who has bought it (the timber) is not double taxation. In

such case, in the absence of proof to the contrary, it is assumed that the land as land only, not taking the trees into consideration, is assessed at its true value, and that the timber is assessed at its true value, independent of the land upon which it stands. Johnson vs. Roberts, 102 Ill. 655.

Besides, if plaintiff company is called upon to pay taxes only upon the timber at its true value, ascertained without regard to the land, he is without interest to complain that the owner of the land is required to pay the taxes assessed against the latter itself. Lech vs. Austin, 43 Cal. 590. Judgment affirmed.

PROVOSTY, J., takes no part.