Grafton,  }
April 1, 1913. }

### NAHUM W. FRENCH *v.* LYME.

In appraising land for purposes of taxation, the value of the timber standing thereon is properly included.

PETITIONS, for abatement of taxes. The plaintiff is a resident of Haverhill and is the owner of real estate in the defendant town, which is taxed to him as non-resident. The petitions were referred to the tax commission. The plaintiff claimed before the commission that in appraising his land for taxation the value of the growing trees thereon should be excluded, but the commission included the

same as a part of the value of the land. Upon the return of the
report, the superior court (*Mitchell,* J.) ordered judgment upon the
report at the September term, 1912, and the plaintiff excepted.

The plaintiff, *pro se,* by brief and orally.

*Marshall D. Cobleigh, Hamblett & Spring,* and *John E. Allen,* for
the defendant.

WALKER, J.   The plaintiff claims that he is entitled to an abate-
ment of the tax assessed upon his real estate because the assessors
included in the assessment the value of the growing wood and
timber standing thereon.   According to his theory, only the value
of the land exclusive of the wooded growth should have been con-
sidered by the assessors.   But it is unnecessary in deciding what the
law is upon this subject to enter upon a discussion of philosophical
theories of how taxes ought to be imposed and raised, or to consider
what unused methods of taxation might have been adopted.

The statute provides that "real estate, whether improved or
unimproved, and whether owned by residents or others, is liable to
be taxed," excepting certain classes of real estate not material in
this case.   P. S., c. 55, s. 2.   As universally understood, the term
"real estate" includes growing timber.   "The words, 'land,' 'lands,'
or 'real estate' shall include lands, tenements, and hereditaments,
and all rights thereto and interests therein."   P. S., c. 2, s. 21.   In
the absence of any evidence to the contrary, it is not to be doubted
that the legislature in declaring that real estate is taxable meant
property in land as thus defined and understood, which includes
timber until severed from the land.   *Kingsley* v. *Holbrook,* 45 N. H.
313; *Abbott* v. *Baldwin,* 61 N. H. 583, 585; *Amoskeag Mfg. Co.* v.
*Concord,* 66 N. H. 562; *Hodsdon* v. *Kennett,* 73 N. H. 225.   Because
the question relates to the subject of taxation has never been held
to be a reason for a different and more restricted definition of
"land," than is employed when the question relates to a sale or
conveyance of the same property.   "Mines and quarries, though
the ownership of them is severed from that of the surface, are
taxable as real estate; so is standing timber, though owned separately
from the land whereon it grows."   Cool. Tax. (3d ed.) 635.   "The
ownership of timber standing and growing on land is an interest in
the land itself, and   .   .   .   assessable as realty."   *Fletcher* v.
*Alcona,* 72 Mich. 18, 23.   It is held in *Wilson* v. *Cass County,* 69
Ia. 147, that nursery stock growing upon land is part of the realty

and should be assessed with the land.   See, also, *People* v. *Commissioners*, 82 N. Y. 459; *Pine County* v. *Tozer*, 56 Minn. 288; *Freeman* v. *State*, 115 Ala. 208; *Globe Lumber Co.* v. *Lockett*, 106 La. 414.

As standing timber is a part of the realty for the purposes of taxation, its value is an element to be considered in ascertaining "the true value" of the land.   "The selectmen shall appraise all taxable property at its full and true value in money as they would appraise the same in payment of a just debt due from a solvent debtor."   P. S., c. 58, s. 1.   "By our statute, all real estate, with certain specified exemptions, is liable to be taxed."   *Nashua Savings Bank* v. *Nashua*, 46 N. H. 389, 392.   By an unbroken line of decisions for more than eighty years, "the constitutional rule of equality in taxation requires that throughout the same taxing district the same tax shall be laid upon the same amount of property, 'so that each man's taxable property shall bear its due portion of the tax according to its value.'   *Opinion of the Justices*, 4 N H. 565, 568.   The share which every person is bound to contribute for the protection in the enjoyment of his life, liberty, and property, to which he is entitled (Bill of Rights, *art.* 12), is his proportional part of the expense of such protection according to the amount of his taxable estate."   *Amoskeag Mfg. Co.* v. *Manchester*, 70 N. H. 336, 344.   These views were further elaborated in *Opinion of the Justices*, 76 N. H. 588–597.

The plaintiff's timber land is his "taxable estate," and its "full and fair value in money" is not ascertained by excluding from the computation the value of the timber.   The idea that it is excluded as a matter of law in this state is a novel one, which, in view of the long continued and unquestioned understanding and practice in the assessment of taxes to the contrary, would require a legislative act or a constitutional amendment, or both, to justify the judiciary in declaring it to be law.   That the value of the standing timber is an essential element of the value of the land supporting it was recognized and assumed, as a universally conceded fact, in *Opinion of the Justices*, 76 N. H. 609, rendered to the house of representatives upon the question whether an act exempting from taxation standing wood and timber to the extent of twenty-five per cent of its true value would be constitutional.   Our reply was in the negative.   It must be taxed at its full value as a part of the real estate.   The plaintiff's position, as a proposition of existing law, is untenable.

*Exception overruled.*

All concurred.