(No. 2730, May 10, 1924. On Rehearing June 22, 1924).

## STATE v. JEMEZ LAND CO.

### SYLLABUS BY THE COURT.

1. Where an appellant has accepted the benefits of the judgment appealed from, and there is no possibility that the appeal may lead to a result whereby the appellant may recover less than has been received under the judgment, the right to appeal is unimpaired.

2. On an appeal, in 1919, by a taxpayer to the state tax commission from the valuation of one item of property, and in the absence of an appeal by the state as to other property of the taxpayer, the state tax commission was without jurisdiction to readjust the classification or valuation of the property not involved in or covered by the appeal.

3. The value of real estate which should be fixed for taxation purposes is the actual value of the estate as a whole, but the taxpayer is in no wise injured by having such value arrived at by a consideration and summing up of the several elements of value, so long as the total value thus obtained does not exceed the actual value of the real estate.

### ON REHEARING.

4. An order of the state tax commission, made without jurisdiction, by which the commission undertakes to dispose of an appeal, is void and ineffectual, and leaves the appeal still pending.

5. Appeal dismissed on authority of State v. Fernandez Co., 28 N. M. 425, 213 Pac. 769.

Appeal from District Court, Sandoval County; Hickey, Judge.

Action by the State against the Jemez Land Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded, with directions.

John Venable, of Albuquerque, for the State.

A. B. McMillen, of Albuquerque, for appellee.

OPINION OF THE COURT.

BOTTS, J.  Following the action of the county as-
sessor and board of equalization, appellee found its
property, consisting of 110,308 acres of land, on the
tax rolls for 1919 classified as 90,308 acres of grazing
land, valued at $1.25 an acre, and 20,000 acres of tim-
ber land, valued at $12.50 an acre.  Thereupon ap-
pellee appealed to the state tax commission from the
valuation of said timber lands as excessive, but did
not appeal from the classification or valuation of the
grazing lands.  Notwithstanding there was no appeal
except as to the valuation of timber land, the state
tax commission ordered the whole 110,308 acres to
be valued and assessed at $1.50 per acre, and added
thereto the valuation of 400,000,000 feet of stumpage
at 40 cents a thousand feet.  Appellee refused to pay
the taxes so assessed, and, upon suit being brought for
the recovery thereof under the provisions of chapter
133, Session Laws of 1921, defended on the ground
that the tax commission was without jurisdiction to in-
crease the valuation of the 90,308 acres of grazing
land, as to which no appeal had been taken, and was
without jurisdiction to levy an assessment on said
400,000,000 feet of stumpage, apart from the land, and
that, if it should be mistaken as to the jurisdictional
defenses, the action of the state tax commission re-
sulted in an excessive valuation of its property and
constituted a discrimination against the appellee.  By
its answer appellee alleged its readiness and willing-
ness to pay taxes on said real estate at such reason-
able value as the court might fix, and contended for
a valuation of $1.25 an acre on the grazing land and
$4 an acre on the timber land.  The state demurred
on the ground that the allegations of the answer were
insufficient in law to authorize the granting of the re-
lief asked for.  The demurrer was overruled, and
thereupon the state replied, denying generally the new
matter in the answer.  The court heard evidence and
concluded, as a matter of law, that the state tax com-

mission had no power to ignore the appeal as to such 20,000 acres of timber land, and had no power, without appeal as to the 90,308 acres, to make a different classification or assessment, or pass on questions not brought up by appeal, and was without jurisdiction to assess the whole of the land separately at $1.50 an acre, and to assess separately the timber growing thereon. Judgment was rendered against the appellee for $3,-423.70, and in connection therewith the court specifically found that the appellee had produced in court and tendered to the treasurer said sum of $3,423.70, which represented the amount of the taxes based on the 90,308 acres valued at $1.25 per acre, and the 20,000 acres of timber land valued at $4 per acre, being the classification and values contended for by appellee. As a part of the final judgment, the court ordered and directed the county treasurer to accept the amount of the judgment in full payment of the taxes for the year 1919, and to issue appellee a receipt in full for said taxes and mark the same paid and fully satisfied on the tax roll. The treasurer complied with this direction, as appears from an affidavit filed in this case upon which appellee now contends that this appeal should be dismissed as presenting only a moot question in that the appellant has accepted the benefits of the judgment.

[1] In State v. Fernandez Co., 28 N. M. 425, 213 Pac. 769, we applied to a similar situation the general rule that one cannot accept a benefit under a judgment and then appeal from it, where the effect of the appeal may be to annul the judgment, but called attention to an exception to the general rule that, where there is no possibility that the appeal may lead to a result whereby the appellant may recover less than has been received under the judgment appealed from, the right to appeal is unimpaired. In the Fernandez Co. Case the amount of the judgment appealed from was more than the amount conceded to be due by the defendant and less than the amount contended for by the plaintiff. In the present case appellee conceded that it owed the amount of taxes finally found to be due, and for which judgment was rendered by the

court. Thus it is seen that, if this case were to be reversed and sent back for a new trial, the appellant could not recover less than has been received under the judgment appealed from, and the case comes squarely within the exception. In re Clark's Estate (Cal. Sup.) 212 Pac. 622; Tyler v. Shea, 4 N. D. 377, 61 N. W. 468, 50 Am. St. Rep. 660. It follows that the appeal should not be dismissed.

[2] In the case of State v. South Spring Ranch & Cattle Co. (No. 2770) 226 Pac. 886, this day decided, we have reviewed the legislation in force in 1919 governing appeals to the state tax commission, and there held that on an appeal the state tax commission had jurisdiction to re-examine the valuation of the property so brought before it, and to make such order in the premises as it might deem just and proper, with a view to having all lands in the state assessed at the actual value thereof. The question now before us, depending upon a construction of the same statutes, is whether or not the state tax commission had jurisdiction, on an appeal by a taxpayer as to one item of property, to readjust the classification and valuation of other property of the same taxpayer not covered by the appeal. Bearing in mind that the property of appellee not covered by its appeal to the state tax commission was grazing land, appellant contends that the commission had authority and power to fix the value thereof under the proviso contained in section 4 of chapter 115 of the Session Laws of 1919, giving the state tax commission the original power and authority to classify and fix the valuation for purposes of taxation of all grazing lands within the state. An examination of the statutes relating to the state tax commission discloses that that body, in addition to its appellate jurisdiction, is given original jurisdiction with reference to certain specified matters, among them being the valuation of grazing land just mentioned. If the record did not disclose that the action complained of was taken by the commission on the appeal from the valuation of the timber land, we might assume, on the presumption of regularity, that the valuation by the commission of the 90,308 acres of grazing land

was in the exercise of its original jurisdiction; but the bill of exceptions discloses that, upon appellee's demand on appellant to produce the records of the appeal for 1919 and the action thereon, the appellant admitted that the appeal, as alleged in the answer, was taken to the state tax commission, and that the action of the state tax commission, as alleged, was had for the year 1919, and reference to the amended answer discloses the allegation that the action complained of was taken on appeal. Thus appellant's entire argument in support of the validity of the commission's action relative to the lands of appellee other than the 20,000 acres of timber land, based on the commission's original jurisdiction, necessarily falls.

As a general proposition, an appeal contemplates a review, and correction if found erroneous, of some action taken by a subordinate officer or tribunal with reference to the subject-matter brought before the appellate tribunal, and does not contemplate a general review of other subject-matters in which the appellant may be interested. In this case the subject-matter with reference to which action had been taken by the assessor and county board of equalization and sought to have reviewed and corrected was the valuation of appellee's 20,000 acres of timber land, and the fact that appellee also owned a large tract of grazing land, or possibly a mercantile establishment or other items of property, did not give the state tax commission jurisdiction to review the valuation previously fixed on them. Had the state desired a review of such other valuations, the statute gave the same right of appeal to the taxing officers as was given to the taxpayer. It follows that the order of the state tax commission increasing the valuation of 90,308 acres of grazing land from $1.25 an acre to $1.50 an acre was void as having been made without jurisdiction, and could not be enforced. The valuation of $1.25, as previously fixed, should stand, and the court was corrected in so holding.

Preliminary to a solution of the question of the correctness of the court's ruling with reference to the

400,000,000 feet of stumpage, it may be safely assumed that growing timber is· a part of the real estate, and that, if the timber is owned separately from the land itself, it may be assessed separately as real estate. Globe Lumber Co. v. Lockett, 106 La. 414, 30 South. 902; Re Pine County v. Tozer, 56 Minn. 288, 57 N. W. 796; Freeman v. State, 115 Ala. 208, 22 South. 560; Fletcher v. Township of Alcona, 72 Mich. 18, 40 N. W. 36.

[3] Furthermore, while it would not be expected that an instance could be found where a taxpayer had claimed that the value of growing timber should not be taken into consideration by the taxing authorities in arriving at the taxable value of the land, as a matter of fact that very question was raised in French v. Town of Lyme, 77 N. H. 63, 86 Atl. 823, and, of course, it was held that the standing timber was a part of the realty for the purpose of taxation, and its value an element to be considered in ascertaining the true value of the land.

Growing timber is as much a part of the realty as are improvements, fixtures, or mineral rights. In some states we find that the taxation statutes require that improvements be valued separately from the land itself as a means of arriving at the true value of the entire estate (State v. Norsman, 168 Wis. 442, 169 N. W. 429), and the same rule has been applied where the statute was silent on the subject. From the case of County Commissioners v. Union Mining Co., 61 Md. 545, it appears that the statute required the value of improvements to be added to the surface value, but said nothing about adding the value of underlying veins of coal. The taxpayer in that case objected to the assessment as follows:

"* * * Third. Because as to part of the land of the appellee, the land was assessed, and then the coal underlying the land was assessed. * * * Seventh. That the land was assessed, and then the houses and improvements upon it."

After passing on other objections to the assessment, the court said:

"Nor is there any force in the objections that the land was assessed and then the value of. the coal underlying it, or that the land was assessed and then the improvements upon it. The latter is the very method pointed out in the general assessment law, and the former is based upon the same principle."

In the case before us it seems that what the tax commission did was not to make a separate assessment of the stumpage, but to value the surface and timber separately as a means of arriving at the value of the 20,000 acres of timber land. It does not appear that there has been a double assessment, because the value of $1.50 an acre, fixed by the commission, is the same as that attempted to be fixed by it on the 90,308 acres not classed as timber land, so that the commission must not have intended that the surface valuation should include the total value of the real estate considering timber value as well as surface. Furthermore totaling the surface value with the value fixed on the stumpage results in a less value per acre on the 20,000 acres that the valuation appealed from, the latter being $12.50, while the acreage value as determined by the commission, based on the sum total of the separate valuations of surface and timber, amounts to $9.50. An inspection of a copy of the page from the tax roll, introduced as an exhibit at the trial, leads us to conclude that it was the intention and purpose of the state tax commission to arrive at the actual cash value of the 20,000 acres of timber by valuing separately the surface and the stumpage. It is quite true, as argued by appellee, that the value which should be fixed for taxation purposes is the actual value of the real estate as a whole, but the taxpayer is in no wise injured by having this value arrived at by a consideration and summing up of the several elements of value so long as the total value thus obtained does not exceed the actual value of the real estate. In Robertson v. Anderson, 57 Iowa, 165, 10 N. W. 341, it appears that the taxpayer was the owner of 80 acres of land upon which there was a stone quarry, a patent limekiln, and a railroad switch. The taxing officials, after various equalizations and appeals, had finally fixed a valuation on the property as $15 per acre on the land,

$500 on the railroad switch, and $400 on the limekiln. It was objected that on the appeal by the taxpayer an original assessment had been made on the limekiln and railroad switch as personal property, but the court held that while improvements on land, such as those in that case, should be taken into consideration in determining the value of the land for the purpose of assessment and taxation, yet it is wholly immaterial whether the valuations of the land are aggregated or stated separately.

The fact that there has been a separation of values in arriving at the actual value of the real estate does not mean that there has been a separate assessment. Dundy v. Commissioners of Richardson County, 8 Neb. 508, 1 N. W. 565; Palmer Vo. v. Police Jury, 142 La. 1076, 78 South. 122. While it is not necessary for us to go so far in this case, it has been held that, while a nursery stock is to be taxed as real estate, and not as personal property, the taxpayer is not damaged by a separate assessment of the land as real estate and of the nursery stock as personal property where the rate of assessment on each class of property is the same. Wilson v. Cass County, 69 Iowa, 147, 28 N. W. 483. We only hold that in this case there was not a separate assessment of the stumpage, but only a separate valuation as a means of arriving at the total and actual value of the real estate, and that the state tax commission had full power and jurisdiction so to do on appellee's appeal. It perhaps would have been more regular to have valued the 20,000 acres of timber land at $190,000 than to have valued the surface at $30,-000 and the stumpage at $160,000, but the final result is the same.

Appellee's contention, which was sustained by the lower court, that the valuation, as finally fixed on the timber land was excessive and should be reduced to $4 an acre, must be overruled on authority of State v. Southspring Ranch & Cattle Co. (No. 2770) 226 Pac. 886, this day decided, where we held that overvaluation, standing alone and without grounds of equitable relief as a support, is not a defense to a suit for the collection of taxes, based on valuations which had be-

come final prior to the enactment of chapter 133 of the Session Laws of 1921.

The court erred, therefore, in concluding that the state tax commission was without jurisdiction to fix the value of the timber land in the manner employed, and in undertaking to reduce the valuation so fixed. The cause should be reversed and remanded, with directions to enter judgment for the state in an amount based on an assessment of appellee's property at a valuation of $1.25 an acre for the 90,308 acres, and a valuation of $190,000 for the 20,000 acres of timber land, giving credit for the payment already made; and it is so ordered.

PARKER, C. J., and BRATTON, J., concur.

### ON REHEARING

BOTTS, J.    [4]   In our original opinion we based our conclusion with reference to the valuation and assessment of the 20,000 acres of timber land involved in the appeal to the state tax commission on our construction of the tax roll, as amended by direction of the tax commission following the appeal, copy of which was set out in the record, as disclosing that it was the intention of the commission to separately value the land and the timber growing thereon for the purpose of arriving at the final total valuation of the 20,000 acres. On motion for rehearing the appellee challenges the correctness of that construction and, after hearing argument, and, further considering the facts as disclosed by the record, we are agreed that we were in error in our first conclusion, and that what the tax commission attempted to do was to revalue the entire acreage, including the 90,308, as well as the 20,000 acres, and to make a separate valuation of 400,000,-000 feet of growing timber without definitely locating that timber on the 20,000 acres. While the 20,000 acres constituted a part of the 110,308 acres which the commission undertook to value, we have no means of knowing what part of that value should be assigned to the former. But that was the only subject-matter before the commission for valuation. The order of the com-

mission, then, by direction of which the tax roll was amended, and by which the commission undertook to dispose of the appeal, deals wholly with a subject-matter not involved in the appeal, and the commission was without jurisdiction to make it. Since such order was made without jurisdiction, it is void, and did not and does not dispose of the appeal which was pending before the tax commission, and the appeal, being undisposed of, is still there pending. The result is that the valuation of $1.25 an acre on the 90,308 acres of grazing land stands for the reasons stated in our original opinion, and that no final valuation has yet been fixed on the 20,000 acres of timber land, and, until the state tax commission acts on the appeal now before it and fixes that valuation there can be no completed assessment of the 20,000 acres of timber land upon which a valid levy of taxes can be made.

The judgment of the court was correct to the extent that it was based upon the value of $1.25 an acre on the 90,308 acres, but in so far as it was based upon the valuation of $4 an acre on the 20,000 acres, which the court undertook to fix from the evidence of value before it, it was without jurisdiction and void, on authority of the recent South Spring Case cited in the original opinion. That portion of the judgment, therefore, cannot stand, and, since there has not yet been any completed assessment of the 20,000 acres of timber land made by the taxing authorities, we cannot direct and the trial court cannot render any judgment for taxes on that land.

The result which we have now reached necessitates a further modification of our former opinion. The judgment appealed from was based in part on the valuation and assessment of the 20,000 acres of timber land, and, as we have seen, was to that extent without jurisdiction and void. This results in a liability on the part of the appellee less in amount that the amount of the judgment, so that the case does not come within exception to the rule stated in State v. Fernandez Co., 28 N. M. 425, 213 Pac. 769, cited in the original opinion, and, the appellant having accepted the benefits of a judgment greater in amount than

that to which it was entitled, the appeal should be dismissed. That leaves the parties in this situation: The appellee has paid its taxes for the year 1919 on the 90,308 acres of grazing land based on a valid assessment thereof. There has been no completed assessment of the 20,000 acres of timber land, and the judgment of the court by which an assessment thereof is attempted to be made is void; but the appellee, in pursuance of that void judgment, has paid and the state has received a sum based on such invalid assessment at a valuation of $4 an acre. This payment, having been made and received as a payment of taxes for the year 1919, but not being based on any assessment, should be credited to the appellee on whatever valid assessment and levy may hereafter be made in pursuance of the appeal now pending before the state tax commission.

[5] Our former opinion and judgment will be modified to conform to what we have now said, and the appeal dismissed; and it is so ordered.

PARKER, C. J., and BRATTON, J., concur.