(No. 2770.    May 10, 1924.    Appeal of Southspring Ranch and Cattle Co.)

## STATE v. PERSONS, etc., in CHAVES COUNTY DELINQUENT TAX LIST FOR 1920.

### SYLLABUS BY THE COURT.

1.    The state tax commission is a creature of statute, and has only such powers as are conferred upon or granted to it by the statute.

2.    On an appeal in 1920 from the action of the county board of equalization in fixing the taxable value of real estate, the state tax commission was charged with the duty of determining the actual value of the particular property involved in the appeal, and to that end had jurisdiction to increase the valuation previously fixed to the actual value.

3.    Under the law as it existed prior to the enactment of chapter 133 of the Session Laws of 1921, in the absence of all grounds of equitable jurisdiction, when the state tax commission on appeal finally fixed the actual cash value of the appellant's property, the value so fixed, as a matter of law, was the actual value, and the courts were without jurisdiction to grant relief on the sole ground of overvaluation.

4.    The defense of overvaluation authorized by section 431 of chapter 133 of the Session Laws of 1921 cannot be interposed to suits authorized by that act, where the taxes sought to be collected are based on valuations finally fixed by the taxing officials prior to the adoption of the act.

Appeal from District Court, Chaves County; Brice, Judge.

Action by the State against the persons and property

described in the delinquent tax list for the county of Chaves for the year 1920. From the judgment, the Southspring Ranch & Cattle Company appeals. Affirmed.

George S. Downer, of Albuquerque, for appellant.

J. M. Hervey, of Roswell, for the State.

## OPINION OF THE COURT.

BOTTS, J. Property of the appellant, consisting in part of grazing land and in part of an improved farm, was duly and regularly assesed for the year 1920. Thereafter appellant appeared before the board of county commissioners, sitting as a board of equalization, and contended that both properties had been overvalued. The county board refused to reduce the valuation, but, on the contrary, increased it by nearly $30,-000. Appellant then prosecuted an appeal to the state tax commission, whereupon that body reduced somewhat the valuation of the grazing land, but made a substantial raise on the farm property. The appellant, still maintaining that both properties had been overvalued, and that the taxes assessed on such overvaluation were illegal and void, paid the amount of taxes conceded to be due, based upon the valuation by it contended for, and refused to pay the balance. Suit was instituted by the state for the collection of the balance under the provisions of chapter 133 of the Session Laws of 1921, commonly known as the Tax Code. Appellant defended on the ground that its property had been assessed in excess of its actual cash value. setting up with considerable particularity the valuations contended for by it as being correct, and alleged the payment of the taxes based on such valuation. The trial court found as a fact that the valuation of said property as finally fixed by the taxing authorities was something like $100,000 in excess of its actual value, but concluded as a matter of law that, inasmuch as no equitable grounds had been shown by appellant, the court was without jurisdiction to grant relief. It was also contended by the appellant that the taxes, based on the raise in valuation made by the state tax commission on appeal, were illegal and void because the tax commission was without jurisdiction, in the absence of

an appeal by the state, to do more than grant or refuse to grant a reduction. This contention was overruled by the trial court. The appellant, thus being denied the relief sought, brings these questions here for review.

The question of the jurisdiction of the state tax commission to increase the assessed valuation of property, on appeal to it by the owner, on the ground that the valuation fixed by the county assessor and county board of equalization was in excess of the actual cash value of the property, necessitates an examination of the statutes in force prior to the adoption of the Tax Code, since the taxes involved are for the year 1920.

Section 5437, Code of 1915, requires the taxpayer each year to make a list of all property subject to taxation of which he is the owner or of which he has the control or management, and makes it the duty of the county assessor to fix the valuation of all property contained in such list for the purpose of taxation. Section 12 of chapter 54 of the Session Laws of 1915, as amended by chapter 17 of the Session Laws of 1919, requires that all tangible property shall be assessed and taxed upon its actual value. Section 5467, Code 1915, requires the assessor, after having fixed the value of property for taxation, to notify the owner or agent of the valuation placed upon his property, and that any person dissatisfied with such valuation will be heard by the county commissioners, sitting as a board of equalization. The next succeeding section authorizes the board of County Commissioners, sitting as a board of equalization, to supply omissions in the assessment roll, and, for the purpose of equalizing the same, to increase, diminish, or otherwise alter and correct any assessment or valuation. Section 5 of chapter 54 of the Session Laws of 1915 authorizes the state tax commission, at its July meeting each year, to hear and determine all appeals from the action of the board of equalization of any county, by the county assessor or by any other person, either on behalf of himself or any other. It provides that no formality shall be required for such appeals, but the reasons therefor and the description and assessed value of the property affected thereby must be plainly stated. It is made the duty of the state tax commission to divide the state into tax districts and to

assign a commissioner to each district. The act provides that such commissioner shall visit each county in his district for the purpose of hearing all appeals arising therein, and, after hearing the evidence, he shall report the same to the tax commission for final decision, and—

"upon the conclusions of all hearing of appeals by such state tax commission it shall be its duty to make such order in the premises as it may decide just and proper, and the order so made shall be certified to the county board from which said appeal was taken, and such board and the officers of said county concerned therewith shall cause the same to be carried into full force and effect."

Section 3 of chapter 115 of the Session Laws of 1919 provides that an appeal to the state tax commission will lie on behalf of the state by any member or agent of the state tax commission from the decision or action of the county assessors, boards of county commissioners, or county boards of equalization in all matters relating to assessments or valuation of property for taxation purposes, and that, in case the valuation of the property of any taxpayer shall be increased by the state tax commission, notice thereof shall be given by the assessor to such owner or agent within 10 days after the receipt by the assessor of a certified copy of the order making such increase. Section 4 of that act provides:

"With a view of having all lands in the state assessed at the actual value thereof, an appeal will lie to the state tax commission from the action of county assessors and boards of county commissioners in classifying and fixing the valuation of lands in their respective counties for purposes of taxation; provided, however, that the state tax commission shall have and is hereby given the original power and authority to classify and fix the valuation for purposes of taxation of all grazing lands within the state, such classification and valuation to be certified to the several county assessors and all grazing lands shall be assessed for the purposes of taxation in accordance therewith.

"The appeals provided for in this section may be taken by any member or agent of the state tax commission by filing notice thereof in the office of the county clerk within thirty days from the taking of the action appealed from." ·

[1-2] The state tax commission, being a creature of statute, has only such powers as are conferred upon or granted to it by the statute. Maxwell Land Grant Co.

v. Jones, 28 N. M. 427, 213 Pac. 1034. The question now before us, therefore, narrows down to the question of whether or not the foregoing statutes authorize the state tax commission, on an appeal by a taxpayer challenging the correctness of the valuation of his property and alleging its excessiveness, to re-examine, and, if thought just and proper, to increase, such valuation. The question of whether or not, on an appeal by a taxpayer with reference to one item of property, the commission can re-examine and increase the valuation of other property belonging to the same taxpayer, is not before us here, but has been considered in the case of State of New Mexico v. Jemez Land Co. (No. 2730) 226 Pac. 890, this day decided. It would seem that we are confined almost exclusively to section 5 of chapter 54 of the Session Laws of 1915, and to section 4 of chapter 115 of the Session Laws of 1919, for assistance in determining the legislative intent of the power and jurisdiction to be exercised by the state tax commission on appeal. It will be noted that by section 5468, Code 1915, the county board of equalization is given power to increase, diminish, or otherwise alter and correct any assessment or valuation, and to decide all appeals and complaints as in their judgment "is proper and right." While the authority granted the state tax commission by the 1915 act is not specific, it is significant that the authority to make final disposition of the appeals is granted in almost the same language as that contained in the section relating to county boards of equalization, in that it is made the state tax commission's duty, upon the conclusion of the hearing of appeals, "to make such order in the premises as it may decide just and proper." Add to this the legislative statement contained in the 1919 act of the purpose of allowing appeals to the state tax commission, that is "with a view of having all lands in the state assessed at the actual value thereof, an appeal will lie to the state tax commission," etc., and it would seem that the legislative intent is considerably clarified, and appears to be that the state tax commission is authorized, on an appeal, to make such order in the premises as it may deem just and proper with a view to having all lands in the state assessed at the actual value thereof. But the state tax commission could not attain the end directed by the

Legislature on an appeal, that is to have all lands assessed at their actual value, unless it could increase the valuation fixed by the assessor or county board of equalization, where it is found to be less than the actual value. Our conclusion on this point is, therefore, that the state tax commission, on the appeal from the county board of equalization by the taxpayer, was charged with the duty of determining the actual value of the particular property involved in the appeal, and, to that end had jurisdiction to increase the valuation previously fixed to the actual value, and that the court did not err in so holding.

[3] Taking up now the contention of appellant that, inasmuch as the court found the value as finally fixed by the state tax commission to be greatly in excess of its actual value, error was committed in refusing to grant relief to the extent of the taxes based on the amount of such excess valuation, we find appellant relying on South Springs Ranch & Cattle Co. v. State Board of Equalization, 18 N. M. 531, 139 Pac. 159, and kindred cases, while appellee relies on Bond-Dillon v. Matson, 27 N. M. 85, 196 Pac. 323, and kindred cases. Since the briefs were prepared and submitted opinion has been rendered in the case of W. S. Land & Cattle Co. v McBridge, 28 N. M. 437, 214 Pac. 576, wherein the apparent conflict between the authorities relied upon respectively by appellant and appellee is reconciled. There being no lack of notice to the taxpayer of the successive steps in the valuation of its property, and no fraud or other equitable ground of relief present in this case, it would seem that the point has been conclusively adjudicated adversely to appellant, unless it can derive aid from the provisions of chapter 133 of the Session Laws of 1921. Without such aid, overvaluation alone is not sufficient to entitle the taxpayer to relief where he had notice of the valuation so fixed, and had been given a hearing or an opportunity to be heard before the taxing officials; but such relief can be obtained in the courts only where valuations have been increased by some taxing official without notice to the taxpayer to a sum beyond the actual value, or where some other ground of equitable relief is present. W. S. Land & Cattle Co. v. McBridge, supra.

Appellant argues that taxes levied on value in excess of actual value are illegal and void. As an abstract proposition this is unquestionably correct, since such an excessive valuation would be contrary to the terms of the statute authorizing the assessment. However, when we come to apply the abstract principle to the concrete case, we are met with the difficulty of ascertaining with precision the actual value of any given property. Omniscience has not put a price tag or other indication of value on any of our worldly goods. When value becomes an issue, imperfect human agencies must be devised and instituted for the decision thereof.

"Absolute equality and uniformity are seldom, if ever, attainable. The diversity of human judgments, and the uncertainty attending all human evidence, preclude the possibility of this attainment. Intelligent men differ as to the value of even the most common objects before them—of animals, houses, and lands in constant use. The most that can be expected from wise legislation is an approximation to this desirable end; and the requirement of equality and uniformity found in the Constitutions of some states is complied with, when designed and manifest departures from the rule are avoided." Stanley v. Supervisors of Albany County, 121 U. S. 535, 7 Sup. Ct. 1234, 30 L. Ed. 1000.

The imperfections of such agencies are amply illustrated by the case now before us, where no two were able to agree as to the actual value of appellant's property; but there must be a finality to disagreements, and somewhere must be lodged authority to determine the issue conclusively. When so determined, the actual cash value of the property is fixed and established in law, although as a matter of fact, and considered in the abstract, the value so fixed may be excessive or deficient. So, under the law as it existed prior to the 1921 statute, in the absence of all grounds of equitable jurisdiction, when the state tax commission fixed the actual cash value of appellant's property, the value so fixed, as a matter of law, was the actual value, regardless of the belief on the part of appellant and on the part of the court that such value was excessive.

[4] Is the condition of appellant aided by chapter 133 of the Session Laws of 1921? As hereinbefore noted, this suit was brought under the provisions of

that act, authority so to do being contained in the following language of section 478 of that chapter:

"The provisions of this act shall not affect or be applicable to taxes heretofore assessed, or which are delinquent at the date of approval hereof, except, that suit for the same may be brought and judgments thereof rendered in the manner provided by this act, but the validity of such delinquent taxes shall be determined by the law in force at the time of making the assessments therefor."

Section 431 of said chapter 133 authorizes certain defenses to such suit, among them being:

"That the property of the taxpayer has been assessed in excess of its actual cash value."

Were this the only language of the 1921 act to be construed, we would be strongly persuaded of the correctness of appellant's position, but in section 509 of the act, which is a repealing section, we find the following language:

"This repeal shall not affect classifications or valuations made or to be made and rights or liabilities already accrued thereunder" (referring to previous acts).

As we have already seen, the actual cash value of appellant's property had become finally established as a matter of law before the 1921 act became effective, and for the court to undertake to revalue the property in accordance with its ideas would certainly affect the valuation already made, the very thing sought to be avoided by section 509. So, while it may be that in authorizing suits to be brought under the 1921 act for collection of taxes previously assessed authority is also given to make the defenses specified in the act, yet when the taxpayer undertakes to prove his defense of excess valuation he finds himself met with a previous adjudication of that issue by the tax commission, so that as a matter of law there has been no excess valuation. The court was correct, therefore, in refusing to reduce appellant's assessment on the basis of an overvaluation, notwithstanding it found from the evidence that the value of appellant's property was less than that fixed by the state tax commission.

Appellant further argues that it should have been

granted relief on the ground of discrimination as be-tween it and other taxpayers, but no evidence was introduced showing, or tending to show, such discrimination, and the court did not err in refusing to grant relief on that ground. The questions before us having been correctly decided by the court below, the judgment should be affirmed; and it is so ordered.

PARKER, C. J., and BRATTON, J., concur.