Dear Mr. Price:
You requested the opinion of this office concerning whether or not timber, after it has been severed, is subject to ad valorem taxation. Apparently, a legal opinion has been rendered to the Georgia-Pacific Corporation by its counsel stating that the severed timber is not subject to ad valorem taxation. After reviewing the state constitution, statutes and jurisprudence, it is the opinion of this office that the timber, after severance, is subject to ad valorem taxation, provided it is an item of inventory of a manufacturer or merchant.
Article VII, Section 21 of the Louisiana Constitution provides that "in addition to the homestead exemption provided for in Section 20 of this Article, the following propertyand no other shall be exempt from ad valorem taxation". (Emphasis added) Timber, whether standing or felled, is not listed in Section 21. La. R.S. 47:1951 provides that "[a]ll property situated within the state, except such as is expressly exempted from taxation by law, shall be subject to taxation on the basis of the assessed valuation thereof." "Property", as defined in La. R.S. 47:1702(1), "includes every form, character and kind of property, real, personal and mixed . . ." Section 1702(3) further defines "personal property" to mean and include "all things, other than real estate, which have any pecuniary value . . . rights to cut and remove or use standing trees or timber from the land of another whether the time to do so be limited or not, all standing timber or trees owned by any person other than the owner of the land upon which it or they stand, all cases where the ownership of standing trees or timber, or the right to cut and use standing trees or timber is in any persons other than the owner of the land upon which the trees or timber stand; the trees or timber or the right to cut and use the same as the case may be shall be assessed to the owner of such right of trees or timber for taxation in the parish where the trees or timber is situated."
In Globe Lumber Co. v. Lockett, 106 La. 414,30 So. 902 (1901), the Supreme Court ruled that standing timber is susceptible of being acquired separately from the land and is assessable for taxation in the name of the owner of the timber. The Court stated that "Land is property. Timber is property, whether standing on the land where it grows, or felled. Both, therefore . . . . are taxable." Id. at 903.
La. R.S. 47:1957 requires all taxable property in the State to be assessed by the assessors and listed on the tax rolls. Included in the assessment and classification of property subject to ad valorem taxation are "inventories of manufacturers or merchants" which La. R.S. 47:1961.1 defines as "all goods held in inventory as raw materials, goods-in-progress, or finished goods whether held by manufacturers, wholesalers, distributors, or retailers.
La. Const. Art. VII, Sec. 4 provides for taxation of natural resources which have been severed from the soil and Section (B) thereof provides in pertinent part that: "[l]ikewise, the severance tax shall be the only tax on timber; however, standing timber shall be liable equally with the land on which it stands for ad valorem taxes levied on the land."
In United Gas Pipe Line Company v. Whitman,390 So.2d 913 (La.App. 2d Cir. 1980) it was argued that natural gas upon which severance tax had been paid was not also subject to ad valorem tax, based upon Art. VII, Sec. 4(B). The First Circuit disposed of that argument stating:
 "United contends that since severance tax has already been paid on this natural gas, the ad valorem taxes levied by the defendant-tax collector are in contravention of the above quoted provision. This argument is without merit. Severance taxes are excise taxes upon the privilege or right to sever natural resources from the soil and are paid by the owner of the resource at the time it is produced. See La. R.S. 47:631, et seq. The prohibition in La. Const. Art. VII, s. 4(B) against additional taxes is aimed at preventing the natural resource from being taxed while in place. If natural resources in the ground could be valued and assessed for property tax purposes, the owner would pay this tax in addition to the severance tax he pays upon producing the minerals. The prohibition in Art. VII, S. 4(B) is aimed at preventing such multiple taxation. However, once the natural gas upon which severance tax has been paid is purchased by a third party and placed in storage in this state, it becomes subject to ad valorem property tax the same as any other property." (Emphasis added)
Based upon the foregoing, it is the opinion of this office that timber, after is has been severed from the land and is being held in inventory as raw material, goods-in-process or finished goods by a manufacturer, wholesaler, distributor or retailer, is property subject to ad valorem taxation.
As you know, La. Const. Art. VII, Sec. 21(I) provides that a parish economic development authority may grant an exemption from parish, municipal and special ad valorem taxes for goods held in inventory by distribution centers; however, "goods held in inventory does not include "raw materials such as natural gas, crude oil, sulphur, or timber or goods or products held for sale to consumers." (Emphasis added)
Trusting this adequately responds to your request, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI/MSH/