[No. 3576.   Aug. 12, 1931.]

LA FOLLETTE v. ROMERO.

[2 Pac. (2d) 310.]

Robert Hoath La Follette, of Albuquerque, for appellant.

George C. Taylor and Joseph Gill, both of Albuquerque, for appellee.

OPINION OF THE COURT

BICKLEY, C. J.

The plaintiff, an attorney at law, seeks to recover in this action against the husband for disbursements made in the course of his employment by the wife in a proceeding for separate maintenance, which disbursements were necessary to an efficient preparation and presentation of her case.   In such proceedings the plaintiff prevailed, and separate maintenance was allowed.   No express contract on the part of the defendant to pay such disbursements is alleged or claimed, but the plaintiff rests his case on the broad ground that such disbursements fall

within the class of necessaries for which the husband may be held liable in an independent action.

This raises a novel question in this state, although it has been passed upon in many other jurisdictions, and the authorities are not in entire harmony. The question most frequently arises regarding legal services rendered to the wife, but we agree with the Iowa Supreme Court in Clark v. Ellsworth, 104 Iowa, 442, 73 N. W. 1023, that:

"An attorney, if entitled to recover for services rendered for defendant's wife in divorce proceedings between them, is entitled to recover costs which he paid, and for expenses reasonably necessary in procuring information on which to act."

The prevailing American rule is thus stated in 13 R. C. L. § 244:

"The question of a husband's liability for legal services rendered his wife has most frequently arisen in divorce proceedings. In this country according to the prevailing view the husband's common law liability for necessaries does not cover such charges. In the cases adopting this view the right of the wife to alimony pendente lite is recognized as being necessary to the prosecution, or defense of the action for divorce; and it is on the ground that the prosecution or defense by the wife is not necessary for her safety or protection as wife, together with the power of the wife's counsel to obtain compensation for his services through the medium of this allowance of alimony out of the husband's property, that the courts have refused to permit him to look besides to the husband. The duty of providing necessaries for the wife is strictly marital, and is imposed by the common law in reference only to a state of coverture, and not of divorce. By that law a valid contract of marriage was and is indissoluble, and therefore by it the husband could never have been placed under obligation to provide for the expenses of its dissolution. Such an event was a legal impossibility. Necessaries are to be provided by a husband for his wife, to sustain her as his wife, and not to provide for her future condition as a single woman, or perhaps as the wife of another man."

The minority view is referred to in section 245 of the same text.

The cases are collected in notes in 15 Ann. Cas. page 19, on page 21, and Ann. Cas. 1917A, page 689.

We adopt, without hesitation, the rule of nonliability in an independent action, not on the ground that such services or disbursements in aid thereof cannot be classed as necessaries, but because our statute, section 68-506, 1929 Comp., authorizing the court to make such order "relative

to the expenses of the suit, as will ensure the wife an efficient preparation and presentation of her case," affords ample means for their remuneration.

This statute guarantees the wife full and complete relief, and provides the avenue through which her prosecution or defense of an action for the dissolution of the bonds of matrimony, division of property, or for alimony may be maintained and the "expenses of the suit" may be secured. It follows that in this state the wife is under no necessity of pledging her husband's credit for such expenses, and therefore she has no implied power to do so, and the husband is not liable in an independent action. This rule which simply enforces the intention of the Legislature as expressed in the statute best protects the rights of all parties, and is in accord with sound public policy. As the Washington court said in Zent v. Sullivan, 47 Wash. 315, 91 P. 1088, 1089, 13 L. R. A. (N. S.) 244, 15 Ann. Cas. 19:

"The divorce court has before it the parties, their property, their merits and delinquencies, and can fix the amount of the husband's liability to the wife and her attorney on an equitable basis, without any inquiry into collateral facts; and we are satisfied that the rights of all parties will be best subserved by relegating the question of the husband's liability for the attorney's fees of the wife to that tribunal."

In the case at bar the trial court sustained a motion to strike the complaint, and dismiss the cause upon the ground that the complaint was frivolous in that "said complaint fails to state any cause of action" and "further shows on its face that the matters referred to in said complaint are res adjudicata."

While perhaps not strictly res judicata, it seems that plaintiff had the proper conception of her remedy when in the "other cause" she attempted to secure remuneration for the disbursements in question, and, the court having ruled adversely to her, the doctrine of estoppel by former adjudication may be effective; this, however, we find it unnecessary for us to decide.

In view of the conflict of authorities on the main question as heretofore pointed out, we do not consider the complaint as frivolous. However, the matter seems to

have been decided as upon general demurrer, upon the ground that the complaint did not state a cause of action, and, the plaintiff electing to stand on his complaint and to not plead further, the cause was dismissed.

From all the foregoing, we conclude that there is no reversible error in the record, and that the judgment must be affirmed and the cause remanded, and it is so ordered.

WATSON and HUDSPETH, JJ., concur.

PARKER and SADLER, JJ., did not participate.