292 P.2d 121
Elizabeth Roloson LLOYD, Plaintiff-
Appellant,
v.
Robert Leon LLOYD, Defendant below,
and
Dale B. Walker, Appellee here and attorney
for Plaintiff below.
No. 6014.

Supreme Court of New Mexico.
Jan. 5, 1956.

F. L. Nohl, Albuquerque, for appellant.

Gallagher & Walker, Albuquerque, for appellee.

McGHEE, Justice.

The title of the case is strange but the method followed by Walker to collect a fee from his client Mrs. Lloyd presents a stranger picture.

Walker filed an action for divorce for Mrs. Lloyd against her husband Robert Leon Lloyd who entered his appearance in the case but did not answer. The parties to the divorce action became reconciled and Mrs. Lloyd directed Walker to dismiss her complaint but she apparently neglected to pay his fee, as so often happens where a wife and husband become reconciled.

Walker thereupon filed the following motion in the case:

"Comes now Dale Walker, of the firm of Gallagher & Walker, attorney for the Plaintiff herein and moves this Court for a hearing to establish the attorney's fees due the Plaintiff's attorney for an Order discharging the Plaintiff's attorney, and for an Order dismissing the Complaint filed herein, and for an Order demanding the presence of both the Plaintiff and Defendant at said hearing, and, as grounds for said Motion would show unto the Court, the Plaintiff herein has informed her attorney that the Complaint for Divorce has been settled, but has denied the claim for attorney's fees submitted by her attorney.

"Gallagher & Walker

"By s/ Dale B Walker

"Attorneys for the Plaintiff

"702 First National Bank Bldg.

"Albuquerque, New Mexico"

Thereupon the trial judge issued an order to show cause directed to the plaintiff and defendant in the divorce action:

"You and each of you are hereby directed to appear before this Court on the 10 day of August, at 9:30 A.M. and then and there to show cause, if any there may be, why the Motion filed herein by the attorney for the Plaintiff should not be granted, and, if you or each of you fail to appear, the Court shall consider the Motion ex parte and grant judgment accordingly."

A copy of the motion and order was mailed to Mrs. Lloyd and service of copies was made on the attorneys for Mr. Lloyd.

The defendant Lloyd appeared at the time and place set for the hearing with his attorneys but Mrs. Lloyd did not appear, and at the conclusion of a hearing on the motion the trial judge signed the following instrument styled "Order" which was entered on the records of the Court:

"This matter having come on for hearing on Motion filed herein by Dale B. Walker, of the firm of Gallagher & Walker, former attorney for the Plaintiff herein, to set his attorney fees and to have the Complaint dismissed, and the Plaintiff appearing not and the Defendant appearing in person and with his attorney, Harry Robins, of the firm of Robins, Bingham, Maloney & Klecan, and the Court having heard the testimony of the various witnesses, and being otherwise fully advised in the premises, Finds:

"1. That the Complaint should be dismissed without prejudice.

"2. That the Plaintiff's attorney, Dale B. Walker, should be awarded the sum of five hundred dollars ($500) as and for attorney fees.

"It Is Therefore Ordered, Adjudged, And Decreed that the Com-

plaint should be and the same hereby is dismissed without prejudice.

"It Is Further Ordered, Adjudged, And Decreed that Dale B. Walker have a judgment against the Plaintiff and Defendant in the sum of five hundred dollars ($500) as and for attorney fees."

The plaintiff Mrs. Lloyd thereupon appealed to this Court from so much of the order as granted judgment against her.

Section 22–7–6, NMSA 1953, provides the trial court may order the husband in a divorce action to make a suitable allowance to the wife to the end her case may be adequately presented, but this does not give her attorney the right to recover a judgment against the husband in an independent action. La Follette v. Romero, 1931, 35 N.M. 509, 2 P.2d 310. We have not been cited to any statute, and we are sure there is none, which gives a trial court authority to render a judgment in favor of her attorney against the wife in her divorce action, as was done in this case.

The parties had become reconciled and there was nothing left to be done except to dismiss her complaint, leaving Walker to an independent action where Mrs. Lloyd could be brought into court by the issuance and service of process.

As will be seen by an examination of the annotation in 118 A.L.R. 1138 and the cases there cited, the great weight of authority is that an order directing the payment of attorney fees by the husband in a divorce case direct to the wife's attorney is void. The wife is the party to the action, not the attorney, and the order must provide it be paid to her or to the Clerk of the court for her benefit.

Our Workmen's Compensation statute provides a trial court shall award attorney fees to a successful claimant under certain conditions, but we have held the award must be made to the claimant and not to his attorney. La Rue v. Johnson, 1943, 47 N.M. 260, 141 P.2d 321; Feldhut v. Latham, 1955, 60 N.M. 87, 287 P.2d 615.

The attempt of Walker to convert the divorce suit into an action by him against Mrs. Lloyd for debt by means of the motion and order was wholly unauthorized, and the resulting judgment rendered against her is void.

The cause will be remanded to the District Court with instructions to vacate the judgment against the appellant and to cause Walker to pay the costs of this appeal.

It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER, JJ., concur.