Larry **KLEPAL**, as Administrator of the Goods, Chattels and Credits of Larry Klepal, Deceased, Plaintiff-Appellee,

v.

**PENNSYLVANIA RAILROAD COM-PANY**, Defendant-Appellant.

No. 200, Docket 23697.

United States Court of Appeals . Second Circuit.

Argued Jan. 10, 1956.

Decided Jan. 30, 1956.

Sidney J. Ungar, New York City (Norman N. Liben, New York City, on the brief), for plaintiff-appellee.

Joseph P. Allen, New York City (Conboy, Hewitt, O'Brien & Boardman, New York City, on the brief), for defendant-appellant.

Before CLARK, Chief Judge, and FRANK and LUMBARD, Circuit Judges.

CLARK, Chief Judge.

■ This is an action for wrongful death removed from the New York State Supreme Court because of the diverse citizenship of the parties and tried before Judge Weinfeld without a jury. The dismembered body of plaintiff-administrator's decedent was found beside the tracks of defendant railroad in the Sunnyside yards, Astoria, Queens, New York. Death allegedly resulted from the negligent operation of one of defendant's trains. Judge Weinfeld's opinion, D.C. S.D.N.Y., 129 F.Supp. 668, sets forth the facts extensively. His essential findings are not clearly erroneous and are amply supported by the evidence; we therefore accept his conclusion holding defendant liable on a theory of last clear chance and awarding damages to plaintiff in the amount of $7,898.

The only question requiring further discussion on this appeal is the admissibility of certain pre-trial depositions of defendant's employees offered by plaintiff to establish a prima facie case. In this death action plaintiff was compelled to make his case almost entirely through the testimony of witnesses in the control and employ of defendant. He proceeded upon a reasonable expectation that the attitude of these witnesses would be, on the whole, hostile to plaintiff. The witnesses appear to have been available, so that they might be called; actually defendant's counsel stated that he would call most of those giving depositions. As it turned out, of the seven persons whose pre-trial depositions were used, three later appeared at the trial, three resided more than 100 miles from the place of trial, and one who resided within the 100-mile limit of the subpoena power—cf. F.R. 45(e) (1)—did not appear, but his testimony was not of controlling importance. Of the three who testified, one, the defendant's engineer, was called by the defendant and examined by both parties at length; his testimony is extensively analyzed in the judge's opinion, where he is found wantonly negligent. The other two were among the six witnesses who were called by the court.

The court, in admitting the depositions, cited the particular circumstances stated above, including plaintiff's necessity in this death action of relying on the testimony of defendant's employees and the facts that at least some had shown an attitude of hostility, that defendant's counsel had stated that the witnesses were available and in any event would be called, and that he was "sitting as a trier of the facts as well as the judge of the law." Plaintiff now supports his action by relying on F.R. 26(d) (3) 5, which sanctions admissibility when the judge finds "that such exceptional circumstances exist as to make it desirable, in the

interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." ·

▉▉▉ We do not believe, however, that this can be regarded as complete justification for the action taken. The quoted rule shows by its terms the solicitude disclosed in the rules generally for trials on oral testimony and the disposition to avoid trial on depositions alone where it can properly be avoided or where injustice or unfairness will not result. Here the matter most stressed, that of hostility of the witnesses, does not seem adequate. Indeed, the problem of the hostile witness is an old and familiar one of trials for which the law has developed certain remedies; one was in fact resorted to later in the trial here, namely, the calling of the witnesses by the court itself. Such a well-known situation, if intended as an exceptional ground for admissibility, would presumably have been so stated in the rule which does so provide with respect to an adverse party or its officer, director, or managing agent if a corporation. F.R. 26(d) (2). Moreover, the rule relied on, however employed, does not meet the assumed problem, since deposition evidence is subject to the ordinary rules of evidence as to competency and relevancy, as the judge appears to have recognized, 129 F.Supp. 668, 671 note 7.

▉▉▉ But we do not think this action of the court requires or justifies a reversal of the judgment. As the judge points out, he was sitting both as a trier of fact and as judge of the law; and by the time the case was concluded—actually some five months before his decision was made—he had full and adequate oral testimony before him. Looking at the realities, there would seem to have been in substance only a reversal of the order of receipt of the evidence, with the depositions appearing primarily at the start, rather than secondarily for purposes of contradiction or impeachment of the witnesses. Perhaps even this may not be altogether true, since the testimony of the witnesses living more than 100 miles away would have been freely admissible under F.R. 26(d) (3) 2 unless they were in court to the plaintiff's knowledge, so that he could subpoena them. The judge's careful analysis of the evidence in his opinion showed an appropriate reliance upon the oral testimony. No good reason now appears why all this ground should be retraversed to reach eventually a like result. See Holt v. Werbe, 8 Cir., 198 F.2d 910; Richmond v. Brooks, 2 Cir., 227 F.2d 490.

Affirmed.