**METALOCK REPAIR SERVICE, Inc. and Lois R. Morrison, Appellants,**

v.

**Hal W. HARMAN, Appellee.**

**No. 12716.**

United States Court of Appeals Sixth Circuit.

June 20, 1956.

John J. Mahoney, Columbus, Ohio, for appellants.

Aubrey A. Wendt, Columbus, Ohio, for appellee.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Following a decree adjudging plaintiff's patent valid and infringed, ordering an accounting and granting an injunction against further infringement by the defendant, Lawrence Scott, which was affirmed by this Court, Scott v. Harman, 195 F.2d 916, certiorari denied 343 U.S. 965, 72 S.Ct. 1059, 96 L.Ed. 1362, the plaintiff-appellee applied for and obtained in the District Court for the Southern District of Ohio on June 10, 1955 a preliminary injunction enjoining Scott and the appellants, Metalock Repair Service, Inc., and Lois R. Morrison, from selling, encumbering or sequestering any of their assets in any manner departing from the ordinary pattern of their business, and ordering that service of the injunction on their counsel of record would be equivalent to personal service on each and all of them.

Although the motion for the preliminary injunction alleged that the defendants would perform the acts sought to be enjoined to the irreparable injury of the plaintiff unless so enjoined, the supple-

mental complaint stating the facts constituting the basis for such allegations was not filed until June 17, 1955, seven days after the issuance of the preliminary injunction.

On July 11, 1955, appellants by their attorney, appearing specially and not generally, moved to dismiss the action stated in the supplemental complaint, or in lieu thereof to quash the return of summons on the ground that Metalock Repair Service, Inc. was a corporation of the State of New York and Morrison a citizen of New York, that neither of them was subject to service of process within the Southern District of Ohio, and that their attorney was not their agent and had not been authorized to accept service for them. Affidavits were filed in support of the motion. On September 21, 1955, the District Judge entered an order overruling the motion, from which this appeal was taken on September 26, 1955.

Appellants, in addition to urging that the motion to quash should have been sustained, contend that the preliminary injunction was improperly issued without notice and a hearing and prior to the filing of the supplemental complaint. However, there was no appeal taken from the order of injunction, and even if the present appeal be construed as such, it was not taken within the time provided by the statute. Section 2107, Title 28 U.S.Code; Rule 73 (a), Rules of Civil Procedure, 28 U.S.C.; Marten v. Hess, 6 Cir., 176 F.2d 834.

The order of September 21, 1955, from which the appeal was taken was not an appealable order. Sections 1291, 1292, Title 28 U.S.Code, Catlin v. United States, 324 U.S. 229, 236, 65 S.Ct. 631, 89 L.Ed. 911; Street & Smith Publications, Inc., v. Spikes, 5 Cir., 107 F.2d 755; See: Metalock Repair Service, Inc., v. Harmon, 6 Cir., 216 F.2d 611.

The appeal is dismissed for lack of jurisdiction. City of Louisa v. Levi, 6 Cir., 140 F.2d 512, 513.