S. H. McNUTT, Jr., and Alice H. McNutt, d/b/a Partners Under the Firm Name of Nehi Bottling Company, Plaintiffs-Appellants,

v.

CARDOX CORPORATION, Defendant-Appellee.

No. 15447.

United States Court of Appeals Sixth Circuit.

March 26, 1964.

James G. Wheeler; Thomas J. Marshall, Jr.; Robert C. Manchester, Wheeler, Marshall & Manchester, Paducah, Ky., on the brief, for appellants.

David R. Reed, Reed & Hines, Paducah, Ky., on the brief; Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for appellee.

Before MILLER, CECIL and PHILLIPS, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Western District of Kentucky denying a motion of the appellants for a default judgment. On November 2, 1962, the plaintiffs, S. H. McNutt, Jr. and Alice H. McNutt, d/b/a partners under the firm name of Nehi Bottling Company, filed a complaint in the District Court against the defendants Chemetron Corporation and Cardox Corporation for treble damages for violation of the Sherman and Clayton Acts. (Sections 1 to 15, Title 15 U.S.C.)

The plaintiffs' motion for a default judgment involves only the Cardox Corporation. The plaintiffs described the defendant Cardox in the complaint as "a corporation organized under the laws of the State of Illinois, with its chief office and place of business in Chicago, Illinois." Summons was served on both defendants by handing a copy of the summons and the complaint to "Edna Seebold, Secretary of C. T. Corporation, Process Agents for Chemetron Corporation and Cardox Corporation, on November 8, 1962."

The parties entered into a stipulation through their attorneys on November 28, 1962, granting an extension of time until December 26th for the defendants to answer or otherwise plead. This stipulation was signed "Chemetron Corporation and Cardox Corporation," by E. Houston Harsha and David R. Reed, their attorneys. An order was entered granting the extension of time on this stipulation. No responsive pleading was filed on behalf of Cardox and on January 19, 1963, the plaintiffs moved for a default judgment against it. The District Judge denied the motion and this appeal followed.

An order denying a motion for a default judgment is not an appealable order. (Section 1291, Title 28 U.S.C.)[1]

---

1. An order overruling a motion to dismiss the action or to quash the return on summons is not a final decision from which an appeal may be taken. Catlin v. United States, 324 U.S. 229, 236, 65 S.Ct. 631, 89 L.Ed. 911; Southeastern Greyhound Lines v. McCafferty, 169 F.2d 1, 3, C.A. 6, cert. den., 335 U.S. 861, 69 S.Ct. 136, 93 L.Ed. 407; Chereton v. United States, 256 F.2d 576, C.A.6; Massey-Harris-

Ferguson v. Boyd, 242 F.2d 800, 803, C.A. 6, cert. den., 355 U.S. 806, 78 S.Ct. 48, 2 L.Ed.2d 50; Gulf State Paper Corp. v. Johnson, 269 F.2d 835, 836, C.A.6; New Amsterdam Casualty Co. v. B. L. Jones & Co., 254 F.2d 917, 919, C.A.5. An order overruling a motion for summary judgment or a motion to quash a subpoena duces tecum is not a final decision from which an appeal may be taken. Cob-

"In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation \* \* \* on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.'" Berman v. United States, 302 U.S. 211, 212–213, 58 S.Ct. 164, 166, 82 L.Ed. 204. "The general principle of federal appellate jurisdiction, derived from the common law and enacted by the First Congress, requires that review of *nisi prius* proceedings await their termination by final judgment." Di Bella v. United States, 369 U.S. 121, 124, 82 S.Ct. 654, 656, 7 L.Ed.2d 614.

There being no final decision in this case the appeal is dismissed.

bledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783; Spruill v. Cage, 262 F.2d 355, C.A.6; Robinson v.

Bankers Life & Casualty Co., 226 F.2d 834, C.A.6; Metalock Repair Service v. Harman, 234 F.2d 490, C.A.6.