492 P.2d 994

Martha Lucille DUNNE, Plaintiff-Appellant,

v.

Edward DUNNE, Defendant-Appellee.

No. 9290.

Supreme Court of New Mexico.

Jan. 14, 1972.

Thomas D. Schall, Jr., Albuquerque, for appellant.

Pat Chowning, Albuquerque, for appellee.

## OPINION

STEPHENSON, Justice.

Plaintiff-appellant (wife) appeals from certain actions of the trial court in this curious divorce case which had three additional counts sounding in tort.

Following the entry of the decree, wife filed a many-splendored pleading captioned "Objection To Adequacy Of Notice And Request For A Record And Request For Additional Attorney's Fee And Costs And Default Judgment." This motion, if it tru-

ly be a motion, "prays," inter alia, for increased attorney's fees, allowance as costs of the expense of a transcript of a certain hearing, and judgment by default on the tort counts. The relief sought was denied and wife now seeks review.

The key question is whether or not the case was settled. Defendant-appellee (husband) says it was; that the judgment was entered accordingly; and that it was agreed that the tort counts would be dropped. Wife says the case was not settled, or at least not in respect to the matters of which she now complains.

The record is deficient in that it fails to sustain the factual assertions of either party on the subject of the supposed settlement. As wife wends her way through her argument, she points to a setting here, a certificate of mailing there, a postmark somewhere else, as substantiating some tangential recitation of facts. This is a system of logic or proof comparable to demonstrating that a fish was caught by a subsequent display of a hook. Husband simply recites, de hors the record, his assertions of settlement.

The acrimonious bickerings of the parties on the subject of the agreement, if any, seem to be more or less in balance, but the problems arising from the incomplete record are of the wife. It is the duty of the litigant seeking review to see that the record is completed for review of that which he wishes to present. State Ex Rel. State Highway Commission v. Sherman, 82 N.M. 316, 481 P.2d 104 (1971).

We will first consider the subject of attorney fees. The decree found that the parties had settled the "community property rights." In subsequent findings, it deals with specifics which one would suppose were based upon the agreement, including a finding that husband was to pay "reasonable attorneys fees." The decretal portion directs that husband was to pay "toward Plaintiff's attorneys fees" a specified sum within a certain time. The parties endorsed their approval on the decree. Wife's attorney endorsed the decree "ob-

jected to in every respect." Husband's attorney did not endorse it, but does not attack it, doubtless because he prepared it.

Wife concedes discretion in the trial court, but says, or more precisely her attorney says, that the court apparently believed the amount of attorney's fees had been agreed to and that he had not so agreed.

The trial court's power regarding attorney's fees is grounded on § 22-7-6, N.M.S.A., 1953. The court's discretion is implicit in the statute, and has been recognized by this court. Moore v. Moore, 71 N.M. 495, 379 P.2d 784 (1963); Lord v. Lord, 37 N.M. 454, 24 P.2d 292 (1933).

Wife's attorney's concern about the trial court's possible misunderstanding that the amount had been agreed upon is not borne out by the record. The decree indicates that if there was an agreement concerning fees, it was that a reasonable amount would be paid, and the court then fixed the amount. No sensible distinction occurs to us between reasonable fees grounded on the statute or reasonable fees based on an agreement. No distinction is suggested.

From the record, we cannot tell whether wife's attorney agreed to an amount or not, and the assertions of counsel are factually irreconcilable. Whether the wife's attorney agreed to the amount or not is, however, of no interest to us. He overlooks whose lawsuit it was. It was the wife's as far as he was concerned, and wife approved the decree. Awards of attorney fees in divorce actions are to the wife, not the attorney. Lloyd v. Lloyd, 60 N.M. 441, 292 P.2d 121 (1956).

Nothing before us impels us, or even inclines us, to disturb the court's award. If wife's attorney was not adequately compensated, he is free to take the matter up with her. Lloyd v. Lloyd, supra.

Wife next complains that the court erred in failing to tax as costs in her favor the expense of a transcript of a hearing. Assuming, without deciding, that this expense was a cost, the trial court had

discretion as to who should bear it. Rule 54(d) [§ 21-1-1(54) (d), N.M.S.A., 1953]. This discretion of the trial court is not to be tampered with absent an abuse. Hales v. Van Cleave, 78 N.M. 181, 429 P.2d 379 (Ct.App.1967); Farmers Gin Company v. Ward, 73 N.M. 405, 389 P.2d 9 (1964). See also Campbell v. Campbell, 62 N.M. 330, 310 P.2d 266 (1957) in which this court upheld trial court's discretion in directing parties to bear their own costs in a divorce action. Nothing before us would justify our saying that the trial court abused its discretion.

■ We finally consider the court's denial of the request for judgment by default on the tort counts. Wife asserts that well-pleaded allegations are admitted, and that she was entitled to judgment as a matter of law. Husband says that abandonment of the tort counts was part of the settlement. The court's decree and the findings therein do not deal with the tort counts.

The following observations and queries occur to us:

A. Husband had "appeared" but there was no compliance by wife with the notice requirements of Rule 55(b) [§ 21-1-1(55) (b), N.M.S.A., 1953].

B. The damages sought were unliquidated, but no evidence was offered concerning damages. Rules 8(d), 55(b) and 55(e) [§§ 21-1-1(8) (d), 21-1-1(55) (b) and 21-1-1(55) (e), N.M.S.A., 1953]; 6 Moore's Federal Practice, Par. 55.07.

C. Does not a trial court have a certain discretion as to whether default judgment should be entered, both generally (6 Moore's Federal Practice, Par. 55.05(2)) and in New Mexico (Wagner v. Hunton, 76 N.M. 194, 413 P.2d 474 (1966))?

D. Can a wife sue a husband in tort? Rodgers v. Galindo, 68 N.M. 215, 360 P.2d 400 (1961); Romero v. Romero, 58 N.M. 201, 269 P.2d 748 (1954).

E. The court merely denied a motion for default on the tort counts. It did not dismiss them. Was the court's order appealable? Supreme Court Rule 5(1), (2) [§ 21-2-1(5) (1), (2), N.M.S.A., 1953]; McNutt v. Cardox Corp., 329 F.2d 107 (6th Cir. 1964).

In any case, we see nothing which persuades us that the court erred in declining to enter judgment by default.

Other propositions of law, both substantive and procedural, readily come to mind. From our failure to mention them, it should not be assumed we have overlooked them. Somewhere, the court must draw a line in performing counsel's function. Even now, no authority mentioned in this opinion was cited to us.

The trial court's actions are affirmed. It is so ordered.

McMANUS and OMAN, JJ., concur.