536 P.2d 1104

**Henry NIEDERSTADT, Plaintiff-Appellant,**

**v.**

**ANCHO RICO CONSOLIDATED MINES, Employer, and Employers Insurance of Wausau, Insurer, Defendants-Appellees.**

**No. 1579.**

Court of Appeals of New Mexico.

May 14, 1975.

Certiorari denied June 11, 1975.

---

Jack T. Whorton and Robert M. Doughty II, John S. Spence, Alamogordo, for plaintiff-appellant.

Leland S. Sedberry, Jr., Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendants-appellees.

## OPINION

HERNANDEZ, Judge.

Plaintiff seeks review of a judgment under the Workmen's Compensation Act, § 59–10–1 through § 59–10–37, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1), awarding him $1,172.57 for temporary total disability and payments for a 20% partial permanent disability for the remainder of the statutory period. Five points are urged as grounds for reversal. Defendants cross-appeal, alleging one point of error.

We reverse.

(1) Plaintiff's first point·is that the trial court erred in ruling that he was not entitled to take the deposition of Dr. Mario Palafox at the expense of defendants. Plaintiff had moved the trial court for an order allowing him to depose Dr. Feagler and Dr. Palafox. The trial court, after a hearing, entered an order granting plaintiff the right to depose Drs. Feagler and Palafox, at his own expense, and denying the right to depose Dr. Spencer. The trial court, in its order, found as follows as to Dr. Palafox's deposition: "4. Plaintiff should be granted leave to take the deposition of Dr. Mario Palafox at his own expense." Plaintiff did not depose Dr. Palafox because he could not afford it.

Section 59–10–13.9, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1) provides in part:

"* * * that any interrogatories, discovery procedures and depositions authorized by the rules of civil procedure shall be had only after motion of one of the parties therefor and the court having jurisdiction finds, after due hearing, *that good cause exists, that the evidence to be obtained will probably be ˙material to the issues of the cause* and the court enters an order authorizing the same. *The cost and expense of any interrogatory, discovery procedure or deposition ordered by the court shall be paid by the defendants* in the claim or action and in no event shall any unsuccessful claimant be responsible for the cost or expense of any interrogatory, discovery procedure or deposition ordered by the court." [Emphasis ours.]

The order does not recite whether good cause existed for taking Dr. Palafox's deposition or that the evidence to be obtained would probably be material to the issues of the cause. The transcript of the hearing on plaintiff's motion is not included in the record.

■ This court in Escobedo v. Agriculture Products Co., Inc., 86 N.M. 466, 525 P.2d 393 (Ct.App.1974) stated:

"The trial court had no authority to order plaintiff to pay the cost of the deposition * * *. Section 59–10–13.9, su-

pra, contains express provisions concerning the cost of depositions in compensation cases. These express provisions directly conflict with any discretion in the trial court concerning cost of depositions under the rules of civil procedure."

We do not know whether the trial court determined that good cause existed for taking Dr. Palafox's deposition and that the evidence to be obtained would probably be material. Paragraph 4 of the trial court's findings could well be interpreted to mean that neither of these factual predicates was present and that if plaintiff wanted to depose the doctor, it would have to be at his own expense. Since we have no record of the hearing, there is no way to determine what was intended by the trial court; and since it was plaintiff's obligation to see to the preparation of the record, he cannot now be heard to complain. "It is the duty of the litigant seeking review to see that the record is completed for review of that which he wishes to present." Dunne v. Dunne, 83 N.M. 377, 492 P.2d 994 (1972).

Plaintiff's second point is that the trial court abused its discretion in refusing to admit the deposition of Dr. Feagler into evidence as part of the case-in-chief. Plaintiff offered this deposition testimony prior to the close of his case-in-chief. Defendants objected on the ground that Dr. Feagler would be at trial to testify as their witness. Plaintiff contends that since the doctor lived more than 100 miles from the place of trial, Section 21–1–1(26)(d)(3), N.M.S.A.1953 (Repl.Vol. 4), entitled him to offer the deposition testimony regardless of whether the doctor were going to be available to testify later. Rule 26(d)(3), supra, provides:

"The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: 1, That the witness is dead; or 2, *that the witness is at a greater distance than 100 miles from the place of trial or hearing,* or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or 3, that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or 4, that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or 5, upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." [Emphasis ours.]

Implicit in subparagraph 3 of Rule 26(d), supra, is the condition that the witness be unavailable to testify in person. Interpreting the comparable federal Rule of Civil Procedure, the court in G. E. J. Corporation and M. F. Corporation v. Uranium Aire, Inc., 311 F.2d 749 (9th Cir. 1962), had this to say:

"Depositions may only be used when the witness is unavailable or where exceptional circumstances necessitate their use. Rule 26(d) [now Rule 32(a)(3)(b) Fed.Rules of Civ.Pro.] contemplates such use and was not intended to permit depositions to substitute at the trial for the witness himself."

To like effect, see Klepal v. Pennsylvania Railroad Company, 229 F.2d 610 (2d Cir. 1956).

■ All of the plaintiff's other arguments and contentions on this point are rendered moot by the fact that Dr. Feagler did appear and testify for defendants, and plaintiff was able to elicit his testimony during cross-examination.

(2) Our decision in favor of defendants' cross-appeal renders unnecessary any discussion of plaintiff's points three, four and five.

■ Defendants' cross-appeal alleges one point of error: that there is no substantial evidence to support any award at all. We agree. Section 59–10–13.3(B),

N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1), provides:

"In all cases where the defendants deny that an alleged disability is a natural and direct result of the accident, the workman must establish that causal connection as a medical probability by expert medical testimony. No award of compensation shall be based on speculation or on expert testimony that as a medical possibility the causal connection exists."

On September 4, 1959 plaintiff was injured while unloading some logs. He was examined by Dr. R. E. Forbis, an orthopedic surgeon, on August 18, 1961. On August 30, 1961, by letter, Dr. Forbis reported his examination and diagnosis which reads in pertinent part as follows:

" * * * When lying on his back with the legs extended he has cramps over the left side of the low back and in the left hip area. * * * Most pain is over the low back, left hip and left leg.

* * * * * *

"X-rays: AP view of the lumbar spine reveals good general alignment, no evidence of fractures. Lateral view reveals satisfactory alignment, no evidence of compression. Spot view reveals narrowing between five-sacrum, posterior alignment is satisfactory.

* * * * * *

"An Electromyogram was done which was positive for nerve involvement of L5–S1 on the left.

* * * * * *

"Diagnosis: * * * Nerve pressure on the left of L5 and S1. Intermittant Sliding Dorsal Disc.

* * * * * *

"In an attempt to rehabilitate this man I feel a Laminectomy and Fusion would be necessary * * *"

Dr. Feagler, an orthopedic surgeon, who examined the plaintiff twice testified in part as follows:

*Direct examination:*

"Q. * * * did the condition which you diagnosed Mr. Niederstadt as having the last time you saw him, was that a condition which pre-existed September 12, 1972?

"A. In light of the doctor's, Dr. Forbis report, I would have to say yes, this pre-existed.

* * * * * *

"A. I found no additional evidence of disability or injury other than the things that were previously outlined in Dr. Forbis' report."

A report by Dr. Palafox, that was entered into evidence by stipulation, does establish the "causal connection as a medical probability" that plaintiff's disability was the natural and direct result of the accident. However, the record does not show that Dr. Palafox was ever told about or that he saw Dr. Forbis' report of August 30, 1961. To the contrary it might reasonably be assumed that he had no knowledge of Dr. Forbis' report since plaintiff did not inform Dr. Feagler about this previous examination or report. Therefore, since pertinent information existed about which Dr. Palafox apparently had no knowledge, his opinion cannot serve as the basis for compliance with § 59–10–13.3(B), supra. Landers v. Atchison, Topeka & Santa Fe Railway Co., 68 N.M. 130, 359 P.2d 522 (1961).

Finally, we consider defendants' initial contention that plaintiff's appeal should have been dismissed because the plaintiff had accepted the benefits of the award below. The general rule is that one cannot accept a benefit under a judgment and then appeal from it, where the effect of the appeal may be to annul the judgment. State v. Jemez Land Co., 30 N.M. 24, 226 P. 890 (1924). There is an exception to the general rule. Under workmen's compensation law, the prevailing view is that a workman cannot be denied the right

to appeal by his acceptance of a compensation award in an amount less than that to which he is statutorily entitled. Evans v. Stearns-Rogers Manufacturing Co., 253 F. 2d 383 (10th Cir. 1958). To hold otherwise would be contrary to the intent and purposes of the Workmen's Compensation Act.

The judgment is reversed and the cause is remanded with instructions to enter judgment for the defendants.

It is so ordered.

LOPEZ, J., concurs.

HENDLEY, J., specially concurring.

HENDLEY, Judge (specially concurring).

I concur in the majority result. Under plaintiff's first point I would add that the trial court ordered defendants to pay for Doctor Feagler's deposition. Under defendants' cross-appeal I would add that Doctor Palafox' report unequivocally stated that "past history revealed the patient had never had any previous back injuries." Thus, Doctor Palafox had no knowledge whatsoever about plaintiff's prior back injury. Therefore, the predicate to his expert opinion was missing. City of Albuquerque v. Chapman, 76 N.M. 162, 413 P. 2d 204 (1966).

Lastly, the exception to the general rule of those who accept the benefits of an award may not appeal is found in State v. Jemez Land Co., 30 N.M. 24, 226 P. 890 (1924), which holds that where there is no possibility that the appeal may lead to a result whereby the appellant may recover less than has been received under the judgment appealed from, the right to appeal is unimpaired. The exception is inapplicable here since plaintiff asks for a new trial at which he may recover nothing. Our holding is another exception to the general rule and is based on policy considerations.