IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

ROSEANNE BIANCO,

    Worker-Appellant,

v.                                        **NO. 27,887**

**HORROR ONE PRODUCTIONS,**
**AXIUM INTERNATIONAL and**
**AIG/GALLAGHER BASSETT**
**SERVICES INC.,**

    Employer-Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Narciso Garcia, Jr.
Albuquerque, NM

for Appellant

Maestas & Suggett, P.C.
Paul Maestas
Albuquerque, NM

for Appellees

<strong>MEMORANDUM OPINION</strong>

**KENNEDY, Judge.**

    Worker appeals a compensation order denying her benefits for psychological injuries. In our notice, we proposed to affirm on the basis that there was sufficient evidence to support a determination that Worker's psychological injuries were not

caused by the work-related accident. Worker has timely responded. We have considered her arguments and, finding them unpersuasive, we affirm.

In our notice, we proposed to affirm the decision of the Workers' Compensation Judge (WCJ) on the basis of his finding that the doctors' testimony was suspect because Worker had not fully disclosed her prior history of psychological problems. Worker has responded that the WCJ made no such finding. The WCJ is required to make only such ultimate findings of fact as are necessary to support its decision. *Apodaca v. Payroll Express, Inc.*, 116 N.M. 816, 818, 867 P.2d 1198, 1200 (Ct. App. 1993). Evidentiary findings to support the ultimate factual finding are not required. *Griego v. Bag 'N Save Food Emporium*, 109 N.M. 287, 291, 784 P.2d 1030, 1034 (Ct. App. 1989).

Here, the WCJ explained his ultimate findings in his written memorandum opinion. Thereafter, the compensation order including the ultimate findings of fact was filed. The WCJ found as ultimate fact that Worker was not entitled to medical treatment for psychological care as it was not work related. RP 201] That finding is supported by the evidence as explained in the opinion of the WCJ.

Worker contends that the doctors' testimony regarding causation was uncontradicted. [MIO 3] In fact, their testimony was contradicted by the evidence that Worker had a history of psychological problems, which she had failed to disclose

to them. We have often stated that a medical expert's testimony is only a good as the information that underlies it. *See Banks v. IMC Kalium Carlsbad Potash Co.*, 2003-NMCA-026, ¶ 35, 135 N.M. 421, 77 P.3d 1014; *Neiderstadt v. Ancho Rico Consol. Mines*, 88 N.M. 48, 51, 536 P.2d 1104, 1107 (Ct. App. 1975). Where a doctor has not been given pertinent information about Worker's pre-existing medical condition, that doctor's testimony regarding causation cannot satisfy Worker's burden to show causation. Contrary to Worker's assertion that her doctors' testimony was uncontradicted regarding causation, the evidence established that the testimony was contradicted by Worker's failure to give those doctors a complete psychological history when she sought treatment.

We conclude that the evidence supports the finding that the psychological injury was not work related. Therefore, for the reasons stated herein and our notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**CELIA FOY CASTILLO, Judge**


_____
**LINDA M. VANZI, Judge**