NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2733
_____

FIRSTBANK PUERTO RICO,

Appellant

v.

JAYMO PROPERTIES, LLC; FRED JAY
BENDER; MELISSA MARY BENDER

_____

No. 09-2951
_____

In re:  FIRSTBANK PUERTO RICO,

Petitioner

_____

On Appeal from the District Court of the Virgin Islands
(D.C. No. 08-cv-00070)
District Judge: Curtis V. Gomez

_____

Submitted Under Third Circuit LAR 34.1(a)
May 7, 2010

Before:  SMITH, CHAGARES and JORDAN, *Circuit Judges*.

(Filed: May 12, 2010)

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

FirstBank Puerto Rico ("FirstBank") appeals from a May 15, 2009 order of the District Court of the Virgin Islands of the United States denying its motion for entry of default judgment against Jaymo Properties, LLC, Fred Jay Bender, and Melissa Mary Bender. For the following reasons, we will vacate the District Court's order and remand for proceedings consistent with this opinion.

I.    **Background**

On February 18, 2005, the Benders, individually and as Members/Managers of Jaymo Properties, executed a Power of Attorney authorizing Roger Harland to act as their "true and lawful attorney-in-fact," and "to execute and deliver any contracts, loan commitments, closing statements, notes, loans, mortgages, and other related documents which may be necessary and proper in order for [them] to obtain a mortgage loan ... ." (App. at 50.) On February 24, 2005, in return for a loan from FirstBank, the Benders, through Harland, executed and delivered a promissory note to FirstBank, in which they promised to pay FirstBank the principal sum of $211,250.00, plus interest on unpaid principal at a yearly rate of seven percent, to be paid in monthly installments beginning on April 1, 2005. As security for the repayment of the promissory note, Jaymo Properties and the Benders, through Harland, executed a mortgage in favor of FirstBank, on a property known as "Parcel No. 3-5B Estate Pastory, No. 5A Cruz Bay Quarter, St. John, Virgin Islands, as shown on PWD No. D9-7749-T004." (*Id.* at 5.)

When the Benders defaulted on their payments to FirstBank,[1] the bank filed an action for debt and foreclosure in the District Court on May 7, 2008. After the Benders and Jaymo Properties failed to defend the action, FirstBank filed a motion for entry of default under Federal Rule of Civil Procedure 55(a). The Clerk of Court entered default against the Benders and Jaymo Properties on October 9, 2008. Thereafter, on January 26, 2009, FirstBank filed a motion for default judgment under Rule 55(b). Among its moving papers, FirstBank included signed affirmations from FirstBank's attorney, Justin K. Holcombe, stating that "upon information and belief, the Benders are not under the age of eighteen nor are they incompetent persons" (*Id.* at 93), and from Paula N. Edwards, Vice President of FirstBank, stating that "[b]ased on FirstBank's record, the Benders are above the age of eighteen [and based u]pon information and belief, the Benders are not mentally incompetent persons."[2] (*Id.* at 68.)

On May 15, 2009, the District Court entered an order denying FirstBank's motion for default judgment, because "[t]he averments in ... the affirmation[s] ... regarding the Benders' status as competent adults are not based on personal knowledge and therefore

---

[1]FirstBank produced documentation showing that, as of January 26, 2009, the Benders owed FirstBank $168,447.74 in principal, plus $13,662.76 in accrued interest, plus late charges of $1,471.60.

[2]The affirmation from Ms. Edwards was titled "declaration" rather than "affirmation," a distinction to which no one has attached legal significance. "An affirmation, like an oath, is a declaration of the truth of a statement ... ." 58 AM. JUR. 2D *Oath and Affirmation* § 2 (2010).

3

are not competent evidence." (*Id.* at 97.)  FirstBank timely appealed from the District Court's denial of its motion for entry of default judgment.[3]

## II.    Jurisdiction

Pursuant to 48 U.S.C. § 1612(a), the District Court of the Virgin Islands has "the jurisdiction of a District Court of the United States, including, but not limited to, the diversity jurisdiction provided for in [28 U.S.C. § 1332.]"  Here, the District Court possessed diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4]

Regarding our appellate jurisdiction, an order of a District Court "is ordinarily considered final and appealable under [28 U.S.C.] § 1291 only if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *United States v. Scarfo*, 263 F.3d 80, 87 (3d Cir. 2001) (citations and quotations omitted).  As a general matter, therefore, denials of motions for default judgment are not considered appealable final orders.  *See, e.g., Bird v. Reese*, 875 F.2d 256, 256 (9th Cir. 1989) ("[An] order

---

[3]FirstBank also filed a petition for a writ of mandamus (No. 09-2951) on July 6, 2009, which was consolidated with the present appeal.

[4]The parties appear to meet the diversity requirements of 28 U.S.C. § 1332. With regard to diversity of citizenship, FirstBank is a banking institution incorporated under the laws of Puerto Rico with its principal place of business in Puerto Rico.  The Benders are residents of the State of North Carolina.  Jaymo Properties is a North Carolina limited liability corporation ("LLC").  The record suggests that the Benders are the only members of Jaymo Properties, and "the citizenship of an LLC is determined by the citizenship of each of its members." *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).
There is no question that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332.

4

denying his motion for a default judgment ... is not a final appealable order."); *Adult Film Ass'n of Am., Inc. v. Thetford*, 776 F.2d 113, 115 (5th Cir. 1985) ("[A] denial of [a] motion for default judgment was not appealable as a final order."); *McNutt v. Cardox Corp.*, 329 F.2d 107, 108 (6th Cir. 1964) ("An order denying a motion for a default judgment is not an appealable order.").  However, pursuant to the collateral order doctrine, "an otherwise non-final order can be appealed if it finally and conclusively determines the disputed question, resolves an important issue separate from the underlying merits, and is effectively unreviewable after final judgment."  *Scarfo*, 263 F.3d at 87; *cf. Rivas v. City of Passaic*, 365 F.3d 181, 191 (3d Cir. 2004) ("Under certain circumstances, orders denying a motion for summary judgment fall within the scope of the collateral order doctrine.").

The District Court's May 15, 2009 order denying entry of default judgment fits within the scope of the collateral order doctrine, in the circumstances of this case. FirstBank's appeal presents an issue separate from the underlying merits, because the District Court's denial of FirstBank's motion for entry of default judgment was based solely on its interpretation of the procedural requirements of Rule 55.  As a result, the District Court's order conclusively determines the disputed issue as to the meaning of Rule 55, and as to whether the entry of default judgment was proper.  Second, absent our review, the District Court can continue to deny motions for entry of default judgment, based on its interpretation of Rule 55, and those denials will continue to evade review.

Following a denial of a motion for entry for default judgment, a case will either remain open and permanently stalled, or, if the non-responsive party appears, the case will be litigated on the merits or default judgment will be granted, but the District Court's interpretation of Rule 55 will never come to the fore. Indeed, the District Court has repeatedly denied motions for entry of default judgment, and those denials have evaded review.[5] Accordingly, we have jurisdiction to review the District Court's order under the collateral order doctrine.

---

[5] *See, e.g.*, *FirstBank Puerto Rico v. Lockhart*, Civil No. 2008-28, 2009 U.S. Dist. LEXIS 60305, at \*3 (D.V.I. July 15, 2009) ("The affidavit that Firstbank has submitted is not based on [the] Attorney['s] personal knowledge that Lockhart is not an infant, incompetent, or serving in the military. As such, it cannot be considered competent evidence for default."); *Island Yacht Charters, Inc. v. Malgaglio*, Civil No. 2006-210, 2009 WL 1507406, at \*1 (D.V.I. May 28, 2009) ("Plaintiffs have failed to meet their burden of showing that default judgment is appropriate [because t]hey have not provided competent evidence that [the defendant] is not an infant or an incompetent person."); *Flagstar Bank, FSB v. Deducca*, Civil No. 2007-26, 2009 U.S. Dist. LEXIS 43403, at \*3 (D.V.I. May 21, 2009) (rejecting an attorney's declaration that an investigation did not reveal any adjudication as to a party's incompetency as insufficient evidence, and therefore denying the motion for default judgment); *Nunez v. Lovell*, Civil No. 2005-7, 2009 WL 943277, at \*1 (D.V.I. April 3, 2009) ("[T]he Plaintiffs have failed to meet their burden of showing that default judgment is appropriate [because t]hey have not provided competent evidence that [defendants] are not infants or incompetent persons."); *U.S. Dept. of Agriculture v. David*, Civil No. 2005-141, 2008 WL 3101799, at \*2 (D.V.I. 2008) (denying entry of default judgment because there was no "competent evidence anywhere else in the USDA's moving papers establishing that David is not an infant or incompetent.").

## III. Discussion[6]

Federal Rule of Civil Procedure 55 provides that, after the clerk's entry of default against a defendant, a court may enter default judgment against that defendant. FED. R. CIV. P. 55(b). However, "[a] default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." *Id.* Accordingly, FirstBank, as the party moving for entry of default judgment, provided the District Court with affirmations from its attorney, stating that "upon information and belief, the Benders are not under the age of eighteen nor are they incompetent persons," and from the Vice President of FirstBank, stating that "[b]ased on FirstBank's record, the Benders are above the age of eighteen [and based u]pon information and belief, the Benders are not mentally incompetent persons." (App. at 93; 68.) The District Court denied FirstBank's motion, because it decided that these "averments [are] not based on personal knowledge and therefore are not competent evidence." (*Id.* at 97.)

While there has been little guidance from our Court, a review of case law from several district courts shows that, in the context of a motion for entry of default judgment, an affidavit or affirmation from the moving party or its attorney, indicating that the defendant is a competent adult, is routinely treated as sufficient for a court to enter default

---

[6]Because the issue on appeal is the meaning of Federal Rule of Civil Procedure 55, our review is plenary. *See Artway v. Attorney Gen. of State of N.J.*, 81 F.3d 1235, 1245 (3d Cir. 1996) (legal questions are "subject to plenary review.").

judgment against that defendant, assuming that the other requirements for entry of default judgment contained in Rule 55 have been met. *See, e.g., William Consalo & Sons Farms, Inc. v. Mex-Produce Sales, LLC,* Civil No. 08-348, 2008 U.S. Dist. LEXIS 89424, at *5 (D. Ariz. Oct. 22, 2008) (relying on the attorney's affidavit to conclude that "[d]efendants are not infants [or] incompetent persons" for purposes of entering default judgment); *Prudential Ins. Co. of Am. v. Bare*, Civil No. 06-4131, 2007 U.S. Dist. LEXIS 72600, at *5-6 (D.N.J. Sept. 28, 2007) ("Plaintiff submitted [] an affidavit certifying that the Nonresponsive Defendants are neither incompetent, nor infants [, and thus we] find[] that default judgment is appropriate, under [Rule 55]."); *Lincoln. Gen. Ins. Co. v. Grossbard*, Civil No. 05-1602, 2006 U.S. Dist. LEXIS 33466, at *2 (M.D. Pa. May 25, 2006) (relying on attorney's declaration that non-responsive party is not an infant or incompetent person). That treatment is correct. To require more is to go beyond the Rule and, in a case like this, to impose an unnecessary burden on ordinary business transactions.

In short, we hold that, at the time a party moves for entry of default judgment under Rule 55(b), an affidavit or affirmation from that party or its attorney stating in good faith that the non-responsive defendant is a competent adult is not less than competent evidence of that fact merely because it is founded upon information and belief rather than an assertion of personal knowledge. *Cf. Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("[W]hen an attorney makes statements under penalty of perjury in an affidavit or

an affirmation, th[ose] statements do constitute part of the evidentiary record and must be considered."); 2A C.J.S. *Affidavits* § 46 ("Affidavits on information and belief are permitted in certain circumstances, but may be expressly precluded by statute.").

## IV.    Conclusion

The District Court erred as a matter of law in deciding that the evidence submitted by FirstBank in support of its motion for entry of default judgment was not competent. We thus will vacate the District Court's order and will remand for proceedings consistent with this opinion.[7]

---

[7]Given our holding here, FirstBank's petition for a writ of mandamus in the consolidated case (No. 09-2951) will be denied as moot.