This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JESSIE PEREA,**

Worker-Appellee,

**v.**                                                                            **No. 32,307**

**WAL-MART DISTRIBUTION CENTER and AMERICAN HOME ASSURANCE CO.,**

Employer/Insurer-Appellant.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Shanon S. Riley, Workers' Compensation Judge**

Michael J. Doyle
Los Lunas, NM

for Appellee

Hoffman Kelly LLP
Michelle D. Lopez
McKinney, TX

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Employer/Insurer appeal from a compensation order. We issued a notice of proposed summary disposition, proposing to affirm. Employer/Insurer have filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

First, Employer/Insurer contends that Worker supplied inadequate notice of the workplace accident. [MIO 2-6] Below, the workers' compensation judge (WCJ) determined that Worker did not know, nor should he have known, that he had suffered a compensable injury until June 23, 2010. [RP 203-04 (¶¶ 12-13)] The WCJ also determined that Employer/Insurer received timely actual notice on July 8, 2010, when Worker reported the accident to Marvin Glass. [RP 204 (¶ 16)]

In the memorandum in opposition, Employer/Insurer attempt to characterize Worker's report to Mr. Glass as a "casual" conversation or comment [MIO 2, 3-4, 5], which should be regarded as insufficient to constitute actual notice. [MIO 2-6] However, based on the testimony of both Mr. Glass and Worker, the compensation order contains a specific finding that Worker "reported the on the job accident, described how the accident occurred, and explained how the accident injured him" when he spoke with Mr. Glass. [RP 190 (¶ 25)] We acknowledge that Employer/Insurer believe Worker's testimony should have been rejected, based on omissions, inconsistencies, and other circumstances that Employer/Insurer contend

2

reflect poorly on Worker's credibility. [MIO 4-5] However, as we previously explained in the notice of proposed summary disposition, we cannot reweigh the evidence on appeal. *See Rodriguez v. La Mesilla Constr. Co.*, 1997-NMCA-062, ¶ 13, 123 N.M. 489, 943 P.2d 136 (observing that this Court "will not reweigh the evidence, even under the whole record standard of review"); *Mieras v. Dyncorp*, 1996-NMCA-095, ¶ 15, 122 N.M. 401, 925 P.2d 518 (observing that it is for the WCJ, as fact-finder, to resolve conflicting evidence). Ultimately, insofar as Worker described both the accident and the resultant harm giving rise to an inference that he thought that he had suffered a compensable injury [RP 190 (¶¶ 25-27), 204 (¶¶ 16-18)], he supplied adequate notice. *See generally Grine v. Peabody Natural Res.*, 2006-NMSC-031, ¶¶ 36-37, 140 N.M. 30, 139 P.3d 190 (providing that actual notice must be sufficient to advise an employer of the worker's belief that he or she has suffered an accidental injury, and further, that a work-related accident caused the injury). We therefore reject Employer/Insurer's challenge to the WCJ's determinations relative to the sufficiency of notice.

Employer/Insurer also continue to challenge the sufficiency of the evidence to establish that Worker suffered a compensable injury. [MIO 6-9] As we previously described in the notice of proposed summary disposition, Worker's testimony supplied the requisite support relative to the occurrence of an accident within the

3

course and scope of employment. [RP 187-88] And while Employer/Insurer continue to challenge Worker's credibility, asserting that the record is "replete with instances of . . . [W]orker contradicting himself" [MIO 8], we remain unwilling to second-guess the WCJ's evaluation of the testimony. *Rodriguez*, 1997-NMCA-062, ¶ 13 (observing that this Court "will not reweigh the evidence, even under the whole record standard of review"); *Garnsey v. Concrete Inc. of Hobbs*, 1996-NMCA-081, ¶ 20, 122 N.M. 195, 922 P.2d 577 (stating that it is for the factfinder to weigh evidence and resolve conflicts).

In the memorandum in opposition Employer/Insurer focus on the element of causation. [MIO 6-8] As we explained in our notice, Worker's authorized health care providers both testified that he had sustained a back injury which, to a reasonable degree of medical probability, was causally related to the workplace accident. [RP 193 (¶¶ 58, 60, 62), 205 (¶¶ 26-28)] This supplies the requisite evidentiary support for the WCJ's determination. *See generally* NMSA 1978, § 52-1-28(B) (1987) (providing that "where the employer or his insurance carrier deny that an alleged disability is a natural and direct result of the accident, the worker must establish that causal connection as a probability by expert testimony of a health care provider"). We understand Employer/Insurer to contend that this evidence should have been rejected because it was based on faulty information with respect to the date of the accident and

4

of reporting. [MIO 7-8] Specifically, Employer/Insurer note that one of the doctors was under the impression that Worker had provided notice on June 25 rather than July 8, 2010 [MIO 7-8], and the other doctor was under the impression that Worker had reported the accident on the day it occurred, which he mistakenly believed was June 21 rather than June 22. [MIO 8] However, we fail to see how these de minimis discrepancies could be said to have any bearing on the validity of opinions expressed relative to causation. We are similarly unpersuaded that the absence of cross-reference to medical records or reports relating to Worker's visits to Presbyterian and/or Concentra suggest material omissions. [MIO 7-8] Contrary to Employer/Insurer's suggestion [MIO 9], this is not a case in which Worker's health care providers lacked pertinent information about a prior injury. *See generally Sanchez v. Zanio's Foods, Inc.*, 2005-NMCA-134, ¶¶ 12-14, 138 N.M. 555, 123 P.3d 788 (discussing *Niederstadt v. Ancho Rico Consol. Mines*, 88 N.M. 48, 536 P.2d 1104 (Ct. App. 1975), and observing that "a healthcare provider must be informed about a pertinent prior injury before he or she can render an opinion as to the cause of a subsequent injury"). As a result, we reject Employer/Insurer's attempt to analogize to cases in which the absence of pertinent historical information has undermined the sufficiency of expert testimony to establish the requisite causal connection between a workplace accident and injury.

5

Accordingly, for the reasons stated in the notice of proposed summary disposition and in this Opinion, we affirm.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CYNTHIA A. FRY, Judge**